### COMMONWEALTH *vs.* OWEN FILBURN & others.

Worcester. Oct. 5, 1875. — Jan. 4, 1876. AMES, J., absent.

An indictment on the Gen. Sts. *c.* 163, § 12, alleging the arrest for drunkenness of A., at a time and place mentioned, by B., a constable of the town, and that the defendant " did then and there unlawfully aid and assist the said A. in then and there unlawfully escaping from the said lawful custody of the said B.," is insufficient, although it follows the words of the statute.

INDICTMENT on the Gen. Sts. *c.* 163, § 12, alleging that "Patrick Gibbons of Clinton, in said county, on the thirteenth day of September, in the year eighteen hundred and seventy-four, at Clinton, in said county, was guilty of the crime of drunkenness, in a public street in said Clinton, by the voluntary use of intoxicating liquor, and that the said Patrick Gibbons, at the time and place said offence was committed, in manner and form aforesaid, to wit: on the said thirteenth day of September, in the year aforesaid, at Clinton aforesaid, in a public street as aforesaid, was lawfully arrested for said offence by one Edward J. Plunket, he being then and there a constable of said Clinton, duly chosen, appointed and qualified to discharge and perform the duties of that office, and also being then and there in the due and lawful execution of the same, and also being then and there in the peace of said Commonwealth, and that Owen Filburn, Thomas O'Maley, Walter Burke and Philip Filburn, all of said Clinton, did then and there unlawfully aid and assist the said Patrick Gibbons in then and there unlawfully escaping from the said lawful custody of said Edward J. Plunket."

In the Superior Court, before the jury were empanelled, the defendants filed a motion to quash the indictment on the following grounds :

" There is not set forth in said indictment any offence known to the law of th.s Commonwealth. There is not any offence plainly, formally and substantially described in said indictment. It is not alleged in said indictment that the defendant Gibbons was taken into the custody of Plunket.

" It is not alleged that the defendant Gibbons escaped from the custody of Plunket. It is not alleged that the defendants applied any force or made any threat or did any other thing to compel said Plunket to release said Gibbons., It is nowhere alleged in said indictment that the defendants knew that the said Gibbons was arrested by the said Plunket, that they knew that said Plunket was a constable, or that he was in the lawful discharge of his said office. All the allegations of said indictment may be true, and yet no offence have been committed, and the said indictment is otherwise defective, informal and insufficient."

*Bacon*, J., overruled the motion. The defendants were tried and found guilty, and after verdict filed a motion in arrest of judgment, assigning substantially the same reasons as in their motion to quash. This motion was also overruled; and the defendants alleged exceptions.

*M. J. McCafferty*, for the defendants.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The defendants are indicted under the Gen. Sts. *c.* 163, § 12, which provides a punishment for any person who " aids or assists a prisoner in escaping, or attempting to escape, from an officer or person who has the lawful custody of such prissoner." It is clear that it was not the purpose of this statute merely to prescribe a punishment for a common law offence. The intent of the Legislature was to define and describe the offence intended to be punished.

But we are of opinion that it is not within that class of statutes as to which it has been held that an indictment is sufficient which follows the words of the statute.

Construing it in the light of well known principles of the criminal law, there is no difficulty in ascertaining the intention of the Legislature. But the language used does not, *ex vi termini*, describe all the ingredients of the offence intended to be punished with the certainty required in criminal pleading. An indictment under it, therefore, must allege all the facts necessary to bring

the case within the intent and meaning of the statute. *Common-wealth* v. *Barrett*, 108 Mass. 302, and cases cited.

By the literal construction of the statute, any person who should do any act, however innocent, the effect of which was to aid a prisoner in escaping, would be subject to its penalty. For instance, if a prisoner should escape, and a person driving in the street should innocently give him a ride, or if a person should innocently receive him in his house, and thus enable him to elude the fresh pursuit of the officer, such persons would, within the literal terms of the statute, aid the prisoner in escaping. But it cannot be presumed that the Legislature intended to subject such persons to its penalty, and thus punish them for innocent acts done without any criminal intent.

In such a case, if the act was done without any knowledge that the person aided was an escaping prisoner, it would be innocent and not punishable, but if done with such knowledge would be criminal and within the statute. The indictment should allege the acts done by the defendants. If they are unlawful in their nature, such as an assault upon or forcible obstruction of the officer, it may not be necessary to allege knowledge of the defendants that the prisoner was in custody. But if they are in their nature innocent, and are only made criminal by a knowledge that the prisoner was escaping, such knowledge should be alleged. Otherwise, the indictment fails to allege or show any unlawful act or criminal intent, and does not state a case within the spirit of the statute.

Tested by these rules, the indictment in the case at bar is insufficient. It alleges that Patrick Gibbons was lawfully arrested by Edward J. Plunket, a constable, for the crime of drunkenness, on September 13, 1874, and that the defendants "did then and there unlawfully aid and assist the said Patrick Gibbons in then and there unlawfully escaping from the said lawful custody of said Edward J. Plunket." It does not allege what acts were done by the defendants, nor that they knew that Gibbons was in custody, and therefore does not allege any unlawful act or criminal intent which brings the case within the statute.

It is doubtful whether it alleges with sufficient clearness that Gibbons was in the custody of the officer when the acts were committed, but it is not necessary to consider this objection.

*Exceptions sustained.*