## FRANK VAUGHAN v. THE STATE.

1. ESCAPE. —The language used in art. 213 of the Penal Code does not, *ex vi termini*, describe all of the ingredients of the offence of wilfully aiding in the escape of a prisoner from an officer, and an indictment framed under that section, of which the charging part merely copies the language of the Code, will not be held sufficient.

2. INDICTMENT — ESCAPE OF PRISONER. — An indictment under art. 213 of the Penal Code charged that the defendant " did unlawfully make an assault upon one H., and did then and there and thereby wilfully aid in the escape of one K. from the custody of said H., the said H. being then and there the sheriff of T. County, State of Texas, and the said K. being then and there a prisoner, and then and there legally held in custody by the said H., sheriff, on an accusation for a felony, to wit, the theft of three steers," etc. *Held*, bad. An indictment in such a case, to be sufficient,

should allege that the defendant, knowing that the sheriff had the custody of a prisoner, and with intent to aid in the escape of said prisoner, did wilfully make an assault upon the sheriff, describing the character of the assault, and that the assault so made was calculated to effect the escape of the prisoner.

3. Construction.—See this case for a discussion of art. 213 of the Penal Code.

.ppeal from the District Court of Tarrant.    Tried below before the Hon. J. J. Jarvis, Special Judge.

The facts out of which this prosecution arose were briefly as follows : James Kendrick, having been convicted in the District Court of Tarrant County for the theft of three steers, was being conveyed by the sheriff from the court-room to the jail, when he requested the sheriff to permit the appellant in this case to walk to the jail with them, as he (the prisoner) desired to talk to this appellant.   The request was granted, and Kendrick and this appellant, with the sheriff and a deputy, started to the jail together.   When about to descend the steps leading from the court-room, the sheriff, noticing a disposition on the part of the appellant to lag behind, and being suspicious of some evil intent, commanded him to go down ahead.   The command was obeyed, and while they were so descending the steps the sheriff discovered that the appellant had a pistol concealed under his coat.   On arriving at the foot of the steps, the sheriff stopped, and, addressing the appellant, charged him with having a pistol, and stated to him that he could not go on with the crowd, armed.   The appellant instantly sprang forward from the sheriff, and turned partially around, at the same time putting his right hand inside of his vest on his pistol, and replied that " he did not have a damned thing."   The sheriff instantly arrested and disarmed him. The appellant made no demand for the release of the prisoner, said nothing about releasing the prisoner, never mentioned the prisoner, did not tell him to go, made no threat to shoot, and, in short, made no threatening demonstration

save as stated above, when charged with being armed.   No effort was made by the prisoner to effect his escape.

*Byron G. Johnson*, for the appellant, on sufficiency of the indictment, cited Code Cr. Proc. sect. 421; *Marshall* v. *The State*, 31 Texas, 474; *Portwood* v. *The State*, 29 Texas, 48; *The People* v. *Taylor*, 3 Denio, 91; *Moffit* v. *The State*, 6 Eng. (Ark.) 169.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    This prosecution was based upon a statute which reads thus : "If any person shall wilfully aid in the escape of a prisoner from the custody of an officer, by whom he is legally held in custody on an accusation for a felony, by doing any act calculated to effect that object, he shall be punished by imprisonment in the penitentiary not less than two nor more than seven years ; and if, in aiding the escape, he shall make use of arms, he shall be punished by imprisonment in the penitentiary for a term not less than two nor more than ten years."   Penal Code, art. 213.

After the formal parts, the charge contained in the indictment is, that Frank Vaughan "did unlawfully make an assault upon one J. M. Henderson, and did then and there and thereby aid in the escape of one James Kendrick from the custody of the said J. M. Henderson, the said Henderson being then and there the sheriff of Tarrant County, State of Texas, and the said James Kendrick being then and there a prisoner, and then and there legally held in custody by the said J. M. Henderson, sheriff, on an accusation for a felony, to wit, the theft of three steers ; contrary," etc.

The indictment is fatally defective in not even following the words of the statute in describing the offence ; for it will be noticed that it omits the allegation that the act — to wit, the assault upon Henderson — "was calculated to effect"

the escape of the prisoner. But if it had contained those words, and in fact followed the language of the statute literally, without other allegations, we do not think the indictment would be sufficient. The statute above quoted " is not within that class of statutes as to which it has been held that an indictment is sufficient which follows the words of the statute." Construing a similar statute, the Supreme Court of Massachusetts, in *The Commonwealth* v. *Filburn*, say : " Construing it in the light of well-known principles of law, there is no difficulty in ascertaining the intention of the Legislature. But the language used does not, *ex vi termini*, describe all the ingredients of the offence intended to be punished, with the certainty required in criminal pleading. An indictment, therefore, under it must allege all the facts necessary to bring the case within the intent and meaning of the statute. *The Commonwealth* v. *Bassett*, 108 Mass. 302. By the literal construction of the statute, any person who should do any act, however innocent, the effect of which was to aid a prisoner in escaping, would be subject to its penalty. For instance, if a prisoner should escape, and a person driving in the street should innocently give him a ride, or if a person should innocently receive him into his house, and thus enable him to elude the fresh pursuit of the officer, such persons would, within the literal terms of the statute, aid the prisoner in escaping. But it cannot be presumed that the Legislature intended to subject such persons to its penalty, and thus punish them for innocent acts done without any criminal intent. * * * The indictment should allege the acts done by the defendants. And unless the allegations show an unlawful act or criminal intent, it does not state a case within the spirit of the statute." *The Commonwealth* v. *Filburn*, 119 Mass. 297.

An indictment, to be sufficient under our statute in a case like the one under consideration, should allege that defendant, knowing that the sheriff had the custody of a prisoner, and with intent to aid in the escape of said prisoner, did

wilfully make an assault upon the sheriff, describing the character of the assault, and that the assault so made was calculated to. effect the escape of the prisoner.

Everything charged in this indictment may be true, and the defendant guiltless of a violation of the spirit and intention of the law. Suppose he did not know that the sheriff had the prisoner in his custody, and, being insulted by the sheriff, he assaulted the latter, here would be a wilful assault upon the sheriff, and an act calculated to effect the escape of the prisoner, but one which, so far as the defendant was concerned, was wholly innocent of the latter purpose. Will it be contended that he should be punished under the statute, when he never intended to aid in the escape of the prisoner? We cannot think so.

The indictment should set forth, by proper and certain averments, all the facts necessary to constitute a complete offence. *White* v. *The State*, 3 Texas Ct. App. 605; *Gaddy* v. *The State*, 8 Texas Ct. App. 127.

Reversing this case because the indictment is fatally defective, and being further of opinion that the facts in the record are wholly insufficient to sustain the charge, even if the indictment was sufficient, the judgment will not only be reversed, but the prosecution dismissed.

*Reversed and dismissed.*