THE PEOPLE v. ROBERT MURRAY AND MARY ANN TAYLOR.

*Sufficiency of information—Enacting clause—Proof of ordinances.*

1. An information for aiding a prisoner to escape is sufficient if it charges the offense in substantially the language of the statute (How Stat. § 9246) with a statement of the facts out of which the offense arose; any other fact needed to convict is necessarily implied.

2. The omission of the enacting clause from a municipal ordinance does not necessarily nullify the ordinance, particularly if the charter does not so provide.

3. The official record of the proceedings of a municipal council including the ordinances passed by that body, and showing that they were adopted and properly published, is admissible in evidence of an ordinance.

Exceptions before judgment from St. Clair. (Stevens, J.) June 10.—June 17.

Criminal information for aiding an escape. Respondent was convicted. Affirmed.

Attorney General *Moses Taggart* for the People.

*Chadwick & Cline* for respondents. Offenses against city ordinances are not criminal: *Mixer v. Supervisors* 26 Mich. 422; an ordinance without an enacting clause is ineffective: *Stevenson v. Bay City* 26 Mich. 44.

SHERWOOD, J. The respondents in this case were charged and convicted in the St. Clair circuit for aiding one Nettie Russell to escape, who was arrested and alleged to have been in the lawful custody of the chief of police, on a warrant issued under an ordinance of the city of Port Huron, charging her and others with being disorderly persons. The information does not, in express terms, allege that the respondents knew of the arrest of the party charged, or that she was in custody, or that the respondents did the criminal act charged with an intent to aid her escape. It is claimed by respondents' counsel these things should be averred in the information, and without such averments the information is fatally defective.

We do not agree with counsel upon this point. The statute says: "Every person who shall aid or assist any prisoner in escaping or attempting to escape from any officer or person who shall have the lawful custody of such prisoner, shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding $500." How. Stat. § 9246. The offense contained in the information is charged substantially in the language of the statute, and when this is done, accompanied by a statement of the facts out of which the offense arose, we think the information should be held sufficient. Any other thing necessary to be proved, in order to convict, although not stated in express language in the information, must be regarded as necessarily implied, and we do not think the information objectionable upon this ground.

Respondent claims that no arrest was proved; or, if an arrest was proved, no continued custody of the prisoner was

shown, and that particularly was this true at the time the offense charged in this information is alleged to have been committed. There was testimony tending to prove both the facts as charged, and, so far as we can discover, it was quite sufficient. In any event, it is enough to say that the jury found against the prisoner upon this subject, and we cannot disturb that finding.

The third objection is that the ordinance under which the arrest was made was prefaced as follows: "An ordinance to restrain and prevent disorderly houses and houses of ill fame." Respondent claims this should have been followed with the words, "The common council of the city of Port Huron ordain," and that the non-compliance with the statute in this respect rendered the ordinance void. Local Acts 1877, p. 213, § 17. We find no such consequences attached to the neglect to comply with the statute in this regard, contained in any of its provisions, and we do not feel called upon, in the absence of any authority warranting such a construction, to apply the rule contended for in such a case as this.

The evidence produced upon the trial showing the by-law or ordinance properly adopted, was the record of the proceedings of the common council of the city of Port Huron, containing the record of ordinances passed by that body, from which it appears the ordinance in question was unanimously adopted, and the proper publication thereof made. We think the rulings of the court, and the charge to the jury upon this point, were correct.

Upon the other questions raised upon the trial, and asked to have reviewed in this Court, we have failed to discover any error, and

The judgment must be affirmed.

The other Justices concurred.