THE STATE OF KANSAS v. JAMES T. LAWRENCE.

INSUFFICIENT INFORMATION, *for Aiding Prisoner to Escape.* An information, under §177 of the crimes act, which alleges that a prisoner has been committed by a magistrate to the county jail to await an examination upon a charge of embezzlement; that the commitment was placed in the hands of the under-sheriff, who employed a private individual to guard the prisoner; that while he was so held, and before he had been confined in jail, the defendant unlawfully and feloniously aided the prisoner to escape, and that by means of such aid he in fact did escape; but which does not allege the acts done by the defendant, nor that he had knowledge that the prisoner was in legal custody, is insufficient.

*Appeal from Barber District Court.*

APPEAL by *The State* from the rulings of the district court quashing an information. The information, omitting the heading and verification, is as follows:

"Comes now R. A. Cameron, the undersigned county attorney of the said county of Barber, and in the name and by the authority of the state of Kansas gives the court to understand and be informed that on the 23d day of April, 1889, at the county of Barber and state aforesaid, one Harry W. Stevens, then and there being the under-sheriff of the said county, brought one L. M. Spencer before O. C. Howe, then and there being one of the justices of the peace within and

for the said county; and the said L. M. Spencer was then and there charged before the said O. C. Howe by one A. D. Mercer, upon the oath of the said Mercer, that the said L. M. Spencer had then lately before, on the 15th day of April, 1889, at the county of Barber and state of Kansas aforesaid, committed the crime of embezzlement, by then and there unlawfully and feloniously taking, secreting and making away with the property of Parlin & Orendorff Company, a corporation duly existing and organized under the laws of the state of Illinois; and the said L. M. Spencer was then and there held for examination before the said O. C. Howe, the justice of the peace aforesaid, touching the said offense so to him charged as aforesaid, the hearing of which examination was adjourned to the 1st day of May, 1889, and the said L. M. Spencer was required by the said justice of the peace to enter into a recognizance in the sum of $2,500, for his appearance at that time, and the said L. M. Spencer failing to give such recognizance, was by the said justice of the peace duly adjudged to stand committed to the jail of said county in default thereof; and the said justice of the peace duly issued his order of commitment therefor, which order of commitment is of date and in words and figures as follows, to wit:

"'THE STATE OF KANSAS, *Plaintiff*, v. L. M. SPENCER, *Defendant.— Before O. C. Howe, a Justice of the Peace of Medicine Lodge Township, in Barber County, Kansas.—* State of Kansas, Barber County, *ss.—* The State of Kansas, to the Sheriff or any Constable of said County, Greeting: Whereas, upon good cause shown, the above cause was, this 23d day of April, 1889, continued for trial to the 1st day of May, 1889, at nine o'clock A. M., at my office in said township, and the said defendant, L. M. Spencer, was by me required to enter into recognizance in the sum of $2,500, with sufficient sureties, for his appearance at such time and place to answer the complaint in said cause alleged against him; and said defendant did fail and refuse to enter into said recognizance:

"'You are therefore commanded to take and commit the said defendant to the jail of Barber county, there to remain until the day fixed for said trial.

"'Witness my hand, at Medicine Lodge Township, in said county, this 23d day of April, 1889.              O. C. HOWE,
                                                *Justice of the Peace.*'

"Which said order of commitment was, by the said justice of the peace, duly delivered to the said Harry W. Stevens, under-sheriff as aforesaid, under and by virtue of which the said Harry W. Stevens took and held the lawful custody of the said L. M. Spencer; and that afterward, to wit, on the 24th day of April, 1889, and while the said L. M. Spencer was in the custody of one Charles Kidd, a person then and there having the lawful charge of the said L. M. Spencer, under

and by virtue of his employment by the said Harry W. Stevens, under-sheriff as aforesaid, as a guard to take charge and hold the custody of the said L. M. Spencer, under and by virtue of the commitment aforesaid, and before conviction of the offense aforesaid, and while he continued in such custody, and before he was delivered by the said Harry W. Stevens to the jailer and keeper of the jail of said county, the said Harry W. Stevens then and there having in his possession the said warrant of commitment against the said L. M. Spencer, James T. Lawrence, defendant herein, then and there being, did then and there unlawfully and feloniously aid and assist him, the said L. M. Spencer, in escaping from the custody of the said Charles Kidd, who then and there held and had the lawful custody and charge of the said L. M. Spencer as aforesaid. And while the said L. M. Spencer was in the lawful charge of the said Kidd as aforesaid, as such guard, to wit, on the 24th day of April, 1889, at the town of Kiowa, in the county aforesaid, the said defendant did unlawfully, feloniously, voluntarily, and contemptuously aid and assist the said L. M. Spencer to escape from the said Charles Kidd and to go whithersoever he would, by means of which unlawful, felonious, voluntary, and contemptuous wrong of the said defendant, and by means of the assaulting of the said Kidd, as aforesaid, he, the said L. M. Spencer, did then and there, on the said 24th day of April, 1889, at the county of Barber and state of Kansas, unlawfully and feloniously escape from the custody of the said Kidd, and went whithersoever he would; against the peace and dignity of the state of Kansas, and contrary to the form of the statute in such case made and provided."

On September 2, 1889, the court sustained the motion to quash the foregoing information. This ruling *The State* brings here for review.

*L. B. Kellogg*, attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: James T. Lawrence was prosecuted under § 177 of the crimes act, for aiding a prisoner to escape from legal custody. The sufficiency of the information is the only question presented. It sets out fully and sufficiently that an offense had been committed by one Spencer; that he had been

arrested and taken before a magistrate, who adjourned the hearing until a later time; and that the prisoner, failing to give the required recognizance, was duly committed to the jail of Barber county until the day fixed for the examination; that under this warrant the under-sheriff took the prisoner into custody, and placed him in charge of a guard until the prisoner could be taken to and confined in the county jail; that while he was in charge of the guard, the defendant, Lawrence, unlawfully and feloniously aided and assisted him to escape; and that by means of the assistance rendered by defendant, the prisoner in fact did escape. It thus appears that the information sufficiently states the custody of the prisoner, and that it was lawful; but while it alleges that the defendant aided in the escape, it fails to charge that he had knowledge that Spencer was in legal custody, and does not set out the acts done which aided the prisoner to escape. In the absence of these allegations the information was defective, and the motion to quash was properly sustained. An indispensable ingredient of the offense sought to be charged is the knowledge of the accused that the person assisted was in legal custody; and unless this knowledge is alleged, or the acts charged to have been done by the defendant necessarily imply knowledge, an offense is not adequately pleaded. A person may do many things which would aid a prisoner in an escape without any criminal intent or liability. If he should receive and entertain one for a night, in ignorance that his hospitality was extended to a fugitive criminal, or if he should overtake him on a highway and innocently give him a ride, he might materially aid the prisoner to escape, but certainly he would not be guilty of wrong, nor punishable under the statute. A well-meant hospitality or an innocent charity should not subject a person to criminal prosecution and punishment; but before an act can be held to be criminal, it must be done with a criminal intent. (*The State v. Fry*, 40 Kas. 311.) If the acts done by way of assistance were alleged, as they should be, they might be of such a character that guilty knowledge would necessarily be inferred, and an express allegation of such knowledge might

not be essential. For instance, if the defendant had furnished a prisoner confined in the jail instruments which could only have been intended to facilitate an escape, or had broken the prison door, or had forcibly assaulted or obstructed an officer who had a prisoner in charge, an express allegation of knowledge that the prisoner was in legal custody might not be necessary; but where the acts done are in their nature innocent, such knowledge should be stated. An information which does not allege the acts of assistance rendered, and also fails to charge a knowledge which would make the intent criminal, is bad. (*Commonwealth v. Filburn*, 119 Mass. 297; *The State v. Hilton*, 26 Mo. 199; 2 Bishop, Crim. Proc., § 945.) In the present case, the prisoner was not in jail, nor yet in the immediate charge of one known as a public officer. He was in charge of a private individual, designated for the time being as a guard, and hence there was a still greater necessity that the acts done by the defendant to aid in the escape, or that the defendant had knowledge that Spencer was in legal custody, should be alleged.

The judgment of the district court will be affirmed.

All the Justices concurring.