M. B. KING, PLAINTIFF IN ERROR, VS. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1.  Section 2591, Revised Statutes, providing that whoever aids or
    assists a prisoner in escaping, or attempting to escape, from an
    officer, or person who has the lawful custody of such prisoner,
    shall be punished, etc., does not so describe the offence intend-
    ed to be created as to come within the rule that an indictment
    or information following the language of a statute without fur-
    ther expansion will be sufficient.
2.  An essential of the crime created by Section 2591, Revised
    Statutes, is that aid and assistance to escape, or attempt to es-
    cape, must be given to a prisoner in lawful custody, and under
    Section 2892 an allegation that the prisoner was at the time of
    being assisted to escape held in lawful custody of a known pub-
    lic officer authorized to have such custody will be sufficient.

Writ of Error to the Criminal Court of Record for
Duval County.

The facts in the case are stated in the opinion of
the court.

*A. W. Cockrell & Son,* for Plaintiff in Error.

*The Attorney-General,* for Defendant in Error.

MABRY, J.:

An information was filed in the Criminal Court of
Record for Duval county against plaintiff in error and
five others charging them in separate counts with ob-
structing an officer in the lawful execution of a legal
duty and in aiding and assisting a prisoner to escape.
A motion to quash and a demurrer to the separate
counts were overruled and, after severance, plaintiff in

King v. State.—Opinion of Court.

error was tried and a conviction obtained under the second count.

A motion for new trial was overruled, but this ruling is not assigned as error, there being no bill of exceptions or charges of the court in the record.

The second count of the information, omitting formal beginning, is as follows, viz: that "M. B. King, Richard Edwards, Charles Williams, Willis Wilson, R. W. Williams and John R. Williams, of the county and State aforesaid, on the 26th day of June, A. D. 1899, in the county and State aforesaid, then and there well knowing that one Richard Mitchell was then and there a deputy sheriff of Duval county, Florida, legally authorized to apprehend persons committing a breach of the peace, did then and there knowingly and wilfully aid and assist one Mose Robertson, who had then and there committed a breach of the peace, and who was then and there a prisoner under arrest and in the legal custody of the said Richard Mitchell, to escape from the custody and control of the said Richard Mitchell by then and there pushing, shoving, jostling and mashing the said Richard Mitchell, and breaking his hold on the said Mose Robertson, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

The grounds of attack on the information are: 1. No criminal offence is issuably stated against the defendant.

2. Issuable averments are not made from which it is made to appear that the alleged deputy sheriff was then and there authorized to arrest and convey to prison the said Mose Robertson, nor that said deputy sheriff was then and there in the execution of legal process, or the lawful execution of a legal duty.

3. It is not made to appear that said Mose Robertson was then and there a prisoner in the legal custody of the said Mitchell.

4. It is not made to appear from the issuable facts set up that the said deputy sheriff was then and there in the discharge of any duty imposed upon him by law in reference to said Mose Robertson.

5. It is not made to appear that said Mose Robertson was then and there committing a breach of the peace when he was so arrested by the said deputy sheriff, nor that the latter had or exhibited any warrant authorizing him to arrest the said Mose Robertson for a breach of the peace theretofore or then committed.

The errors assigned are: 1. The court below erred in denying the motion to quash the information.

2. The court below erred in overruling the demurrer to the information.

3. The verdict of the jury was insufficient to support the judgment rendered against the defendant below.

4. The court should have discharged the defendant upon the verdict rendered.

5. The court erred to the injury of the defendant as shown by the record.

The last ground assigned is too general to demand attention by the court.

We discover nothing in the verdict that will sustain the assignments numbered three and four. The record shows that a severance was had as to plaintiff in error and he alone was put on trial before the jury that rendered the verdict. It reads as follows: "We, the jury, find the defendant guilty in the second count, as charged in the information. R. L. Gardner, foreman." Counsel have not pointed out any defects in the form of this

verdict, and there is nothing apparent to us radically defective about it.

Counsel state in their brief that the second count of the information was sustained under section 2591 of the Revised Statutes, reading as follows: "Whoever aids or assists a prisoner in escaping, or attempting to escape, from an officer, or person who has the lawful custody of such prisoner, shall be punished by imprisonment in the State prison not exceeding one year, or by fine not exceeding five hundred dollars." This statute does not so describe the offence intended to be created as to come within the rule that an indictment or information following substantially its language without further expansion will be sufficient. Commonwealth v. Filburn, 119 Mass. 297; State v. Lawrence, 43 Kan. 125 23, Pac. Rep. 157; Vaughn v. State, 9 Tex. App. 563. A person may in several ways aid a prisoner to escape from a lawful custody without knowledge of the fact, and, though coming within the strict letter of the statute, would not be within its spirit and meaning. Thus it was said in Commonwealth v. Filburn, construing a statute identical with ours: "the language used does not *ex vi termini*, describe all the ingredients of the offence intended to be punished with the certainty required in criminal pleading. An indictment, therefore, under it must allege all the facts necessary to bring the case within the intent and meaning of the statute. By the literal construction of the statute, any person who should do any act, however innocent, the effect of which was to aid a prisoner in escaping, would be subject to its penalty. For instance, if a prisoner should escape, and a person driving in the street should innocently give him a ride, or if a person should innocently receive him into his house, and thus enable him to elude the fresh pur-

suit of the officer, such person would, within the literal
terms of the statute, aid the prisoner in escaping.   But
it cannot be presumed that the legislature intended to
subject such persons to its penalty, and thus punish
them for innocent acts done without any criminal in-
tent."   According to Mr. Bishop, an indictment or in-
formation for this offence should set out the custody
of one as prisoner and its lawfulness, the defendant's
knowledge thereof, the acts of assistance or rescue, and,
if on a statute, its terms must be covered.   2 Bish. Crim.
Proc. (3rd Ed.) § 945.   The information in the present
case could have been greatly improved in its allegations,
but under a statute hereinafter referred to we are of the
opinion that it is sufficient.

It is alleged that the accused knew that one Rich-
ard Mitchell was then and there deputy sheriff of Du-
val county, and legally authorized to apprehend persons
committing a breach of the peace.   It may be that all
persons are bound to know the official character of pub-
lic officers, but aside from this the information alleges
that the accused well knew the official character of Mit-
chell.   It may be conceded that there is no sufficient al-
legation, as was doubtless intended by the pleader, that
Mose Robertson, the person alleged to be assisted to
escape, had committed a breach of the peace in the pres-
ence of Mitchell and was then arrested and a prisoner
for such offence.   But it is distinctly alleged that the
accused knowingly and wilfully aided Mose Robertson,
who was then and there a prisoner under arrest and in
the legal custody of the said Mitchell, to escape from
the custody and control of the said Mitchell, and the
character of the aid and assistance is fully and sufficient-
ly stated.   Some decisions intimate that where the acts
of assistance consist of direct assaults upon a public

officer, it will suffice to show knowledge on the part of the accused.   Commonwealth v. Filburn, and State v. Lawrence, *supra*.   Without approving this intimation as being correct where nothing is shown as to knowledge except direct assaults upon the officer, it is apparent that the present information alleges more.   It alleges knowledge of the official character of Mitchell, and also that the accused knowingly and wilfully did aid and assist Robertson, then a prisoner and in the legal custody of Mitchell, to escape from such custody and control.

The question of the greatest difficulty is the allegation as to the custody of the person alleged to be assisted to escape.   One of the essentials of the crime created by the statute is that aid and assistance to escape, or attempt to escape, must be given to a prisoner in lawful custody.   We could not hold that one can commit the crime defined by the statute by merely aiding or assisting another to escape, or attempt to escape, from a custody that is not lawful.   People v. Ah Teung, 92 Cal. 421, 28 Pac. Rep. 577; State v. Leach, 7 Conn. 452, S. C. 18 Am. Dec. 118; Housh v. People, 75 Ill. 487; State v. Beebe, 13 Kan. 589.   Some decisions hold that a mere allegation that the prisoner was at the time held in lawful custody will not be sufficient.   None that we have examined hold that it is necessary to set out in full in the indictment or information the process, in case the prisoner is held by virtue of one, and of course where he is legally held without process none can be stated. The State must show in all such cases a lawful custody of the person assisted before a conviction can be had. While this is clear as to the proofs, other cases hold that an allegation in an indictment that the prisoner was at the time of being assisted to escape held in lawful custody of a known public officer authorized to have

such custody, will be sufficient. Bowers v. People, 17 Ill. 373; State v. Flagg, 50 N. H. 321. Our statute to which reference has been made, provides that "no indictment shall be quashed or judgment be arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offences or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct, and indefinite as to mislead the accused and embarrass him in the preparation of his defence, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offence." Sec. 2892 R. S. The present information charges that Mose Robertson was at the time he was aided by the accused a prisoner and in the legal custody of the deputy sheriff, and we are inclined to hold, in view of our statute, that this is a sufficient allegation of the lawful custody.

The evidence is not before us, and no other questions are presented under the assignments of error than those considered.

The judgment will, therefore, be affirmed.