# THE STATE *v.* SUTTON.

## [No. 21,186. Filed May 26, 1908.]

1. INDICTMENT AND INFORMATION.—*Rescue.—Knowledge of Custody. —Acts Sufficient to Constitute.*—An indictment charging that defendant unlawfully and forcibly aided in the escape of a prisoner from the deputy sheriff, by "drawing and pointing a shotgun on and at" such deputy and by assaulting his assistant, without alleging that defendant knew that such prisoner was held in custody, sufficiently shows a violation of §2400 Burns 1908, Acts 1905, pp. 584, 700, §497, providing that whoever aids in the escape of a prisoner charged with a felony, shall be guilty of a felony. p. 474.

2. CRIMINAL LAW. — *"Rescue."—"Prison-Breaking."—"Escape."— Statutes.*—Where a prisoner's liberation is effected by himself or others, without force, it is an "escape"; where it is effected by himself, with force, it is a "prison-breaking", and where it is effected by others, with force, it is a "rescue", §2400 Burns 1908, Acts 1905, pp. 584, 700, §479, including cases of "rescue". p. 476.

3. SAME.—*Rescue.—Knowledge.—Public Officers.*—The rescue of a prisoner from the custody of a private person, requires that defendant shall have knowledge of such custody, but if the prisoner be in the custody of an officer, knowledge of such custody is not necessary. p. 477.

4. INDICTMENT AND INFORMATION.—*Rescue.—Custody of Deputy Sheriff.*—An affidavit charging that defendant rescued a prisoner from the custody of the deputy sheriff, shows a rescue from a public officer, deputy sheriffs being clothed with the same duties and powers devolving upon their principals, and their appointments being matters of public record. p. 477.

5. SAME.—*Following Language of Statute.*—An affidavit following the language of the statute is ordinarily sufficient. p. 479.

From Jackson Circuit Court; *Joseph H. Shea,* Judge.

Prosecution by the State of Indiana against George Sutton. From a judgment for defendant, the State appeals. *Reversed.*

*James Bingham,* Attorney-General, *A. G. Cavins, H. M. Dowling, E. M. White* and *Oren O. Swails,* for the State.

*Ralph B. Applewhite* and *Ross Robertson,* for appellee.

MONKS, J.—Appellee was charged by affidavit with a violation of §2400 Burns 1908, Acts 1905, pp. 584, 700, §497,

which reads as follows: ."Whoever, not being a person having the lawful custody of any prisoner charged with or convicted of a felony, shall aid in or accomplish the escape of such prisoner, shall, on conviction, be imprisoned in the state prison not less than two years nor more than twenty-one years." The court sustained appellee's motion to quash the affidavit, and rendered final judgment discharging appellee.

The State insists that the court erred in sustaining said motion to quash the affidavit.

Counsel for appellee insist that the affidavit was insufficient, because it did not allege that appellee had knowledge that the person whom he aided to escape was in legal custody. In *Commonwealth* v. *Filburn* (1876), 119 Mass. 297, cited by appellee to sustain said contention, the statute provided a punishment for any person who "aids or assists a prisoner in escaping, or attempting to escape from an officer or person who has the lawful custody of such prisoner." The court said, at page 298: "Construing it in the light of well-known principles of the criminal law, there is no difficulty in ascertaining the intention of the legislature. But the language used does not, *ex vi termini,* describe all the ingredients of the offense intended to be punished, with the certainty required in criminal pleading. An indictment under it, therefore, must allege all the facts necessary to bring the case within the intent and meaning of the statute. *Commonwealth* v. *Barrett* [1871], 108 Mass. 302, and cases cited. By the literal construction of the statute any person who should do any act, however innocent, the effect of which was to aid a prisoner in escaping, would be subject to its penalty. For instance, if a prisoner should escape, and a person driving in the street should innocently give him a ride, or if a person should innocently receive him in his house, and thus enable him to elude the fresh pursuit of the officer, such persons would, within the literal terms of the statute, aid the prisoner in escaping.

But it cannot be presumed that the legislature intended to subject such persons to its penalty, and thus punish them for innocent acts done without any criminal intent. In such a case, if the act was done without any knowledge that the person aided was an escaping prisoner, it would be innocent and not punishable, but if done with such knowledge would be criminal and within the statute. The indictment should allege the acts done by the defendants. If they are unlawful in their nature, such as an assault upon or forcible obstruction of the officer, it may not be necessary to allege knowledge of the defendants that the prisoner was in custody. But if they are in their nature innocent, and are only made criminal by a knowledge that the prisoner was escaping, such knowledge should be alleged.'' The other cases cited by appellee on this point cite and follow *Commonwealth* v. *Filburn, supra.*

In *State* v. *Lawrence* (1890), 43 Kan. 125, 23 Pac. 157, also cited by appellee, it was not alleged that the accused had knowledge that the prisoner was in legal custody, nor were the acts which aided the prisoner to escape set out. The court said at page 128: ''If the acts done by way of assistance were alleged, as they should be, they might be of such a character that guilty knowledge would necessarily be inferred, and an express allegation of such knowledge might not be essential. For instance, if the defendant had furnished a prisoner confined in the jail instruments which could only have been intended to facilitate an escape, or had broken the prison door, or had forcibly assaulted or obstructed an officer who had a prisoner in charge, an express allegation of knowledge that the prisoner was in legal custody might not be necessary; but where the acts done are in their nature innocent, such knowledge should be stated.''

It sufficiently appears from the affidavit that the prisoner, Cicero Sutton, was in the lawful custody of Van Robertson, the deputy sheriff of said county, on a warrant issued by the clerk of the circuit court, on an indictment for petit lar-

ceny—a felony; that appellee "did then and there feloniously, wilfully, unlawfully and forcibly aid in and accomplish the escape of said Cicero Sutton, by then and there unlawfully and feloniously drawing and pointing a shotgun on and at said Van Robertson, and attempting to shoot him with said gun, and by holding and striking one Gerry Preggy, who was then and there attempting to assist said Van Robertson in restraining and keeping said Cicero Sutton in said custody."

It will be observed that the acts done by appellee in aiding and accomplishing the escape of said prisoner were set out in the affidavit, and that they were unlawful and not innocent in their nature. It is clear therefore that the rule declared in *Commonwealth* v. *Filburn, supra,* and *State* v. *Lawrence, supra,* does not apply to this case.

"An escape is where one who is under arrest gains his liberty before he is delivered by due course of law. Where an escape from confinement is effected by the prisoner with force, it is called a prison breaking; and where it is effected by others with force, it is known as a rescue." Gillett, Crim. Law (2d ed.), §428.

It is said in 1 Russell, Crimes (6th ed.), 889: "An escape is where one who is arrested gains his liberty before he is delivered by the course of the law. And it may be by the party himself; either without force before he is put in hold, or with force after he is restrained of his liberty; or it may be by others; and this also either without force, by their permission or negligence or with force, by the rescuing of the party from custody. Where the liberation of the party is effected either by himself or others, without force, it is more properly called an escape; where it is effected by the party himself with force it is called prison breaking; and where it is effected by others, with force, it is commonly called a rescue."

It is evident that §2400, *supra,* upon which this prosecution is based, includes cases where the accused with force

aids or accomplishes the escape of a prisoner charged with or convicted of a felony under such circumstances as would be "a rescue" at the common law.

It is said in 1 Hale, Pleas of the Crown (1st Am. ed.), *606, *607: "Again, to make a rescue felony, the party rescued must be under custody for felony or suspicion of felony, and it is all one, whether he be in custody for that account by a private person, or by an officer or warrant of a justice, for where the arrest of a felon is lawful, the rescue of him is a felony. It seems that it is necessary that he should have knowledge that the person is under arrest for felony, if he be in the custody of a private person. But if he be in the custody of an officer, as constable or sheriff, there at his peril he is to take notice of it; and so it is if there be felons in a prison, and A not knowing it, breaks the prison, and lets out the prisoners, though he knew not that there were felons there, it is felony, and if traitors were there, it is treason. P. 16 Car. 1, Croke, p. 583, *Benstead's case* [1641] *per omnes justiciarios.*" The following declare the same rule: 8 Bacon's Abridgement, 582, 583; 1 Russell, Crimes (6th ed.), 904; 2 Roscoe, Crim. Ev. (8th ed.), *920; 2 Chitty, Crim. Law (4th Am. ed.), *182, *183, note; 2 Wharton, Crim. Law (10th ed.), §1680; 2 Bishop, Crim. Law (7th ed.), §1091; 2 Archbold, Crim. Proc. (8th ed.), 1871; Stephen, Digest Crim. Law, p. 99; Clark & Marshall, Crimes (2d ed.), §437; 11 Am. and Eng. Ency. Law (2d ed.), 306; *State* v. *Porter* (1858), 26 Mo. 201.

Counsel for appellee insist, however, that the affidavit charged that the prisoner was in the custody of the deputy sheriff, and that this is not the same as an allegation that said prisoner was in the custody of the sheriff, because there is no law for making a public record of the appointment of deputy sheriff. Sections 9158, 9431 Burns 1908, §§5568, 5870 R. S. 1881, expressly authorize sheriffs to appoint deputies, and §9429 Burns 1908, §5868

R. S. 1881, authorizes deputies to "execute all process." Section 9159 Burns 1908, §5569 R. S. 1881, provides that "such deputies shall take the oath required of their principals, and may perform all the official duties of such principals, being subject to the same regulations and penalties."

Section 9100 Burns 1908, §5519 R. S. 1881, requires that "every officer and every deputy, before entering on his official duties, shall take an oath" of office, and §§9101, 9102 Burns 1908, §§5520, 5521 R. S. 1881, require that such oath, except that taken by the Governor, Lieutenant-Governor, and members of the General Assembly shall be indorsed on the commission or certificate of such officer or deputy, and signed by him and certified to by the officer before whom the same was taken, who shall also deliver to such person a certified copy thereof.

The second clause of §9103 Burns 1908, §5522 R. S. 1881, requires that deputy sheriffs shall deposit such certified copy in the "clerk's office of the county." The filing of such certified copy makes the same a part of the files and records of the clerk's office, from which it may be ascertained and known who are the deputy sheriffs of such county. This makes the appointment of a deputy sheriff a matter of public record. It is not necessary therefore to determine whether said affidavit would be sufficient if there were no law for making a public record of the appointment of deputy sheriffs.

In *People* v. *Murray* (1885), 57 Mich. 396, 24 N. W. 118, the respondents were charged with and convicted for aiding a prisoner to escape, who was arrested and alleged to have been in the lawful custody of the chief of police on a warrant issued. The information did not in express terms allege that the respondents knew of the arrest of the party charged, or that she was in custody, or that the respondents did the criminal act with intent to aid her to escape. It was claimed by counsel for respondents that these things·

should be averred in the information, and without such aver-
ment it was fatally defective. The court said at page 397:
''We do not agree with counsel upon this point. The stat-
ute says: 'Every person who shall aid or assist any pris-
oner in escaping or attempting to escape from any officer or
person who shall have the lawful custody of such prisoner,
shall be punished by imprisonment in the county jail not
more than one year, or by fine not exceeding $500.' How.
Stat., §9246. The offense contained in the information is
charged substantially in the language of the statute, and
when this is done, accompanied by a statement of the facts
out of which the offense arose, we think the information
should be sufficient.''

In this case the offense was charged substantially in the
language of the statute, and the facts out of which the of-
fense arose, and the acts done by the appellee to ac-
complish the escape, were also alleged in the affidavit.
This, we think, made the affidavit sufficient. As was
said in *People* v. *Murray, supra,* at page 397: ''Any other
thing necessary to be proved, in order to convict, although
not stated in express language in the information, must be
regarded as necessarily implied, and we do not think the in-
formation objectionable upon this ground.''

In *Stewart* v. *State* (1887), 111 Ind. 554, appellant was
charged with a violation of §2029 R. S. 1881, the same being
in the exact language of §2400, *supra,* and the court at page
556, said, concerning the sufficiency of the indictment:
''From the language used in the indictment in this case, it
is clear, we think, that appellants are therein charged with
the felony defined in §2029 R. S. 1881, almost in the exact
terms of the statute; and this, under our decisions, makes
the indictment sufficient to withstand the motion to quash it.
*Ritter* v. *State* [1887], 111 Ind. 324, and cases cited; *Trout*
v. *State* [1887], 111 Ind. 499.''

The court erred in sustaining appellant's motion to quash

the affidavit. Judgment reversed, with instructions to overrule the motion to quash the affidavit, and for further proceedings not inconsistent with this opinion.