[Crim. No. 473. Third Appellate District.—July 9, 1919.]

## THE PEOPLE, Respondent, v. A. R. DREVOIR, Appellant.

[1] CRIMINAL LAW—AIDING PRISONER TO ESCAPE—LEGAL CUSTODY—KNOWLEDGE OF DEFENDANT—SUFFICIENCY OF INFORMATION.—In a prosecution for aiding a prisoner to escape from custody, it is not essential that the information directly allege that the defendant had knowledge that the person aided was in legal custody if the facts alleged be of such a character that such guilty knowledge would necessarily be inferred.

[2] ID.—CASE AT BAR—KNOWLEDGE INFERRED.—Where the information in such a prosecution shows that the escaping prisoner was in jail and in the custody of the deputy sheriff, that the defendant was also a prisoner in the same jail, that the escaping prisoner attacked the deputy sheriff in an effort to escape from the jail, and defendant joined in the assault and by his aid the prisoner escaped, that the defendant also escaped, but was later captured by the deputy sheriff, it sufficiently shows that the escaping prisoner was in legal custody and that the defendant had knowledge of the fact when he aided in the escape.

[3] ID.—VENUE—PROOF.—Where it is shown that the escaping prisoner had had a preliminary examination before a committing magistrate in a particular city located in a given county in this state, that he was committed to the county jail in that county and was in the immediate keeping of the deputy sheriff at the said county jail, that it was in that jail that both the defendant and the escaping prisoner were being confined when the assault upon the deputy sheriff was made and both the prisoner and defendant escaped, the latter only being recaptured, the venue in such county sufficiently appears.

[4] ID.—LEGAL COMMITMENT OF PRISONER—KNOWLEDGE BY DEFENDANT IMMATERIAL.—Whether or not the defendant knew that the

prisoner whom he aided to escape was legally committed to jail and was there being held in custody is immaterial. The defendant can justify his assistance in the prisoner's escape only, if at all, by showing that the prisoner was being illegally confined.

[5] Id.—Custody of Prisoner—Presumptions.—There is no presumption that a prisoner held in a county jail is being illegally restrained. The presumption, if presumption should be indulged, is that the officer who has him in custody and is confining him in jail is acting in obedience to some duty devolved upon him and under legal process.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial. John F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

James T. Matlock for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CHIPMAN, P. J.—Defendant was informed against by the district attorney of the county of Tehama for aiding one Patrick Riley (with sundry *aliases*) to escape from the custody of Deputy Sheriff C. A. Lange of said county. The information sets forth with much particularity the facts and circumstances attending the crime charged, showing that on January 21, 1919, said Riley was confined in the county jail of said county on a commitment for the crime of forgery. "That the said A. R. Drevoir on or about the 21st day of January, 1919, at and in the County of Tehama, State of California, and prior to the filing of this information and at a time when the said Patrick Riley *alias* Jack Brennan *alias* Jack Hayes was attempting to escape from said jail and while he was struggling with the Deputy Sheriff C. A. Lange, who was then trying to restrain him from escaping, did willfully, unlawfully and feloniously grapple with the said C. A. Lange and pull him away from the said Patrick Riley *alias* Jack Brennan *alias* Jack Hayes and by so doing did permit and cause the said Patrick Riley *alias* Jack Brennan *alias* Jack Hayes to escape from the said County jail in the City of Red Bluff and by means thereof the said Patrick Riley *alias*

'Jack Brennan *alias* Jack Hayes did then and there escape and go at large whithersoever he would." A demurrer for insufficiency of facts was overruled and defendant went to trial. He was found guilty and judgment of conviction was accordingly entered. He appealed from the judgment and from the order denying his motion for a new trial. The objections urged in supporting the appeal are: (1) There is no allegation in the information setting forth that the defendant had knowledge that the prisoner whom the defendant was assisting to escape was in legal custody, for which reason, it is contended, the demurrer should have been sustained; (2) that the venue was not proved; (3) that the court erred in modifying and giving as modified an instruction requested by defendant; (4) "that there is no evidence which shows any criminal intent or liability, in the light of the evidence and all the circumstances in the case, on the part of the people, but what is flatly contradicted."

Section 109 of the Penal Code provides as follows: "Any person who willfully assists any . . . prisoner confined in any prison or jail, . . . or any person in the lawful custody of any officer or person, to escape, or in an attempt to escape from such prison or jail . . . is punishable as provided in section 108 of the Penal Code."

1. In support of defendant's first point, the case of *State* v. *Lawrence,* 43 Kan. 125, [23 Pac. 157], is relied upon. In reviewing that case the court stated that the acts set forth fully and sufficiently showed that an offense had been perpetrated by one Spencer, for which he was duly committed to the county jail until the day fixed for the examination; that under the warrant the under-sheriff took the prisoner into custody "and placed him in charge of a guard until the prisoner could be taken to and confined in the county jail"; that while he was in charge of the guard the defendant, Lawrence, "unlawfully and feloniously aided and assisted him to escape"; that it sufficiently appeared that the prisoner was in lawful custody, "but while it alleges that the defendant aided in the escape, it fails to charge that he had knowledge that Spencer was in legal custody and does not set out the acts done which aided the prisoner in his escape. In the absence of these allegations the information was defective, and the motion

to quash was properly sustained. An indispensable ingre-
dient of the offense sought to be charged is the knowledge
of the accused that the person assisted was in legal custody,
and unless this knowledge is alleged, or the acts charged
to have been done by the defendant necessarily implies
knowledge, an offense is not adequately pleaded.'' The
court points out many things which might be done by a
person which in fact might aid a prisoner in an escape
without any criminal intent. As, for example, to enter-
tain one for a night without knowing that he was a fugitive
criminal, or to overtake one on the highway and innocently
give him a ride. But, continued the court: ''If the acts
done by way of assistance were alleged, as they should be,
they might be of such a character that guilty knowledge
would necessarily be inferred and an express allegation of
such knowledge might not be essential. For instance, if
the defendant had furnished a prisoner confined in the jail
instruments which only could have been intended to facili-
tate an escape, or had broken the prison door, or had
forcibly assaulted or obstructed an officer who had a pris-
oner in charge, an express allegation of knowledge that
the prisoner was in legal custody might not be necessary,
but where the acts done are in their nature innocent, such
knowledge should be stated. . . . In the present case the
prisoner was not in jail, nor yet in the immediate charge
of one known as a public officer. He was in charge of a
private individual designated for the time being as a guard,
and hence there was a still greater necessity that the acts
done by the defendant to aid in the escape, or that the de-
fendant had knowledge that Spencer was in legal custody,
should be alleged.''

[1] We have stated somewhat fully the opinion of the
court in the Lawrence case, for the reason that it shows
quite clearly that knowledge on the part of the defendant
need not in all cases be alleged.

[2] What are the facts here? The escaping prisoner
was in jail and in the custody of Deputy Sheriff Lange.
Defendant was also a prisoner in the same jail. Riley, the
prisoner, attacked the deputy sheriff in an effort to escape
from the jail and defendant joined in the assault and by
his aid the prisoner escaped. Defendant also escaped, but
was later captured by the deputy sheriff. We think that

the acts alleged were sufficient to lead to the irresistible inference not only that the prisoner, Riley, was in legal custody, but that defendant had knowledge of the fact when he aided in the escape. The case is quite similar to the examples given in the case of *State* v. *Lawrence, supra,* illustrating when and under what circumstances the direct charge of knowledge by the defendant that the prisoner was in legal custody need not be stated in the information or indictment.

[3] 2. We think the venue sufficiently appeared. The record shows that the prisoner had a preliminary examination before a magistrate in Red Bluff, Tehama County, state of California, and that he was committed to the county jail in that county and was in the immediate keeping of the deputy sheriff at the said county jail, and it was in that jail that both the defendant and prisoner were being confined when the assault upon the deputy sheriff was made and both the prisoner and defendant escaped, the latter only being recaptured.

Tehama County is a legal subdivision of the state and its boundaries are prescribed by statute. (Pol. Code, Part IV, Title II.) Red Bluff is the county seat of Tehama County and is so recognized. (Pol. Code, sec. 3975b.) While the direct question usually put to the prosecuting witness, "Did these acts take place in Tehama County, state of California," or its equivalent, was not asked of any witness, the fact, we think, sufficiently appears that they did so take place.

3. Defendant requested an instruction that before the jury can convict the defendant they must believe beyond a reasonable doubt the facts charged in the information, that defendant was legally committed "to await a trial upon a charge of forgery, and was in legal custody"; that defendant "unlawfully and feloniously aided the said Patrick Riley to escape; and that the said defendant did grapple with said C. A. Lange and pull him away from the said Patrick Riley and by so doing did permit and cause said Patrick Riley to escape from the said county jail in the city of Red Bluff and by means thereof, the said Patrick Riley did then and there escape," concluding as follows: "and that said defendant had knowledge that the said Patrick Riley *alias* Jack Brennan *alias* Jack Hayes

was in legal custody." The court gave the instruction, striking out the concluding sentence.

The court instructed the jury "that the basis of the offense is found in section 109 of the Penal Code which provides as follows: Any person who willfully assists any . . . prisoner confined in any prison or jail . . . in an attempt to escape from such prison or jail . . . is punishable," etc. The court also gave the following instruction: "Before you can convict the defendant of the crime charged in the information, you must believe that the defendant doing whatever he did do, if anything, to assist Jack Brennan to escape, acted knowingly and with intent to then and there assist Jack Brennan to escape, and that said Jack Brennan did escape, and that he was assisted in said escape by the defendant." Then follows the said instruction requested by defendant.

For the reasons, among others, advanced in support of the sufficiency of the information, we do not think the court erred. The fact that the prisoner was in legal custody was fully proved and was so apparent that defendant's knowledge of the fact could not have been a matter of doubt or uncertainty in defendant's mind. They were fellow-prisoners in the county jail and in the custody of a person known to be the deputy sheriff. Defendant's knowledge that the prisoner was in legal custody may well have been inferred from all the facts and circumstances without direct evidence that he knew the fact. It was held in *People* v. *Ah Teung,* 92 Cal. 421, [15 L. R. A. 190, 28 Pac. 577], that a departure from an unlawful imprisonment or custody is not an escape, within the meaning of the law; and that one who, without violence, assists a person who is confined without authority or process of law to depart from his place of confinement is not guilty of the crime of assisting a prisoner to escape.

[4] In the present case the prisoner was shown to have been legally committed to jail and was there being held in legal custody. Whether or not defendant knew this fact is immaterial, for he could justify his assistance in the prisoner's escape only, if at all, by showing that the prisoner was being illegally confined. [5] There is no presumption that a prisoner held in a county jail is being illegally restrained. The presumption, if presumption could be in-

dulged, is that the officer who has him in custody and is confining him in jail is acting in obedience to some duty devolved upon him and under legal process. The prisoner was in legal custody and in the county jail. The jury were told substantially, in the language of the statute, that "any person who willfully assists any person confined in any prison or jail in an attempt to escape from such prison or jail is punishable," etc.; also, that before the jury can convict the defendant they must believe from the evidence beyond a reasonable doubt, that defendant "feloniously and unlawfully aided the said Patrick Riley to escape," etc. The instruction gave defendant the benefit of every principle of law to which he was entitled for the guidance of the jury. Defendant's ignorance of the fact that the prisoner had been legally committed to the custody of the sheriff and was in jail under lawful process cannot shield him from the consequences of his acts unless it appeared as the fact that the prisoner was not thus held.

4. Defendant's fourth point is without merit. The only controverting testimony came from defendant himself, who testified that his intention was to aid the officer in preventing the prisoner's escape. In view of the fact that defendant also tried to escape, his explanation is unworthy of credence.

The judgment and the order are affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 4, 1919.

All the Justices concurred.