[Criminal No. 144.   Filed March 28, 1900.]

[60 Pac. 698.]

PETER R. BRADY, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—EMBEZZLEMENT—INDICTMENT—SUFFICIENCY—PARS. 675, 1457, 1459, 1467, PEN. CODE, REV. STATS. ARIZ. 1887, CITED AND CONSTRUED.—Under paragraph 675 of the Penal Code, *supra,* making every officer of a county charged with the receipt, safe- by imprisonment, an indictment charging that defendant was "an keeping, transfer, or disbursement of public money, who without authority of law appropriates the same to his own use, punishable by imprisonment, an indictment charging that defendant was "an

officer of said county of Pinal,—to wit, county treasurer, . . . and by virtue of his said office, then and there by law was charged with the receipt, safe-keeping, and disbursement of the public moneys . . . and acting in such office . . . did . . . willfully, feloniously, and without authority of law appropriate to his own use a part of the moneys intrusted to him as aforesaid," tested by the requirements of paragraphs 1457, 1459, and 1467 of the Penal Code, *supra,* is sufficient in form, and states facts to constitute a public offense, —to wit, receipt by an officer of public moneys and appropriation of said public moneys to his own use without authority of law.

2. SAME—INDICTMENT—COUNTY—NAME—SUFFICIENCY. — An indictment is sufficient which designates a county as the "County of Pinal," there being no express provision of the statute that the name shall be "Pinal County," and both being used interchangeably in both the Civil and Penal codes.

3. SAME—SAME.—Where the statute gives no name to the offense it is immaterial whether or not the pleader has aptly named it.

4. JUROR—OPINION—UNQUALIFIED—PAR. 1629, PEN. CODE, REV. STATS. ARIZ. 1887—DISQUALIFICATION.—A juror is disqualified to sit in the trial of a case when he has formed or expressed an unqualified opinion as to the guilt or innocence of the defendant, within the provisions of the statute, *supra.* An opinion less decided than this may also be sufficient of itself, or in connection with other proof, to exclude a juror, when it appears that it will prevent him from acting with entire impartiality.

5. SAME—BIAS—QUESTION OF FACT FOR COURT TO DECIDE—APPEAL AND ERROR—REVIEW—ERROR MUST BE MANIFEST.—A challenge of a juror on the ground that the juror has such an opinion as would prevent him from acting with entire impartiality raises an issue of fact for the court to determine, and the finding of the trial court upon that issue should not be set aside unless the error is manifest.

6. SAME—SAME—VOIR DIRE—TESTIMONY GIVEN ON—TRIAL COURT TO DECIDE ON.—The Penal Code (par. 1629) provides that a juror who has formed or expressed an unqualified opinion is disqualified from acting in a criminal case. A juror testified on his *voir dire* that he had formed an opinion which would require evidence to overcome, from talking with persons who he thought knew the facts, and from hearing a part of the testimony on a former trial; that he would want considerable more evidence to come to a conclusion as to the guilt or innocence of the accused; that he would not be able to find a verdict from what he then knew; that he had known defendant for about twelve years, and had a friendly feeling for him; but that he could determine the case entirely on the evidence, and would disregard any opinion that he had previously obtained. *Held,* not to show such bias on the part of the juror as would warrant a reversal of a conviction on the ground of error in overruling a challenge for actual bias.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

E. J. Edwards, J. S. Sniffen, and Mark Smith, for Appellant.

C. F. Ainsworth, Attorney-General, for Respondent.

If the facts constituting the offense are sufficiently charged in the indictment, the appellation of the crime is an immaterial matter. *People* v. *Phipps,* 39 Cal. 331; *People* v. *Cuddihi,* 54 Cal. 53; *People* v. *Dalton,* 58 Cal. 226.

The rule in the United States is, that to disqualify a juror on the ground that he has formed an opinion on the case the opinion so formed must be a fixed, absolute, positive, definite, settled, decided, unconditional opinion. *People* v. *Reynolds,* 16 Cal. 132; *People* v. *King,* 27 Cal. 507, 87 Am. Dec. 95; *State* v. *Kingsbury,* 57 Me. 238; *O'Mara* v. *Commonwealth,* 75 Pa. St. 424; *Staup* v. *Commonwealth,* 74 Pa. St. 458.

The fact that he heard part of the evidence on a former trial will not disqualify the juror, if the opinion he has formed is merely a qualified one. *Lycoming Fire Ins. Co.* v. *Ward,* 90 Ill. 545.

A juror is not disqualified by an opinion formed from hearing or reading the testimony of witnesses, or from hearing what purport to be the facts from persons in whom the juror has confidence, if the opinion is not in fact a decided one, and the juror believes that notwithstanding such opinion he can try the case fairly. *Pollard* v. *Commonwealth,* 5 Rand. 659; *Jackson* v. *Commonwealth,* 23 Gratt. 919; *People* v. *King,* 37 Cal. 507.

The fact that the juror says that it will take some evidence to remove his opinion is no disqualification so long as the opinion is a qualified one. *People* v. *King,* 37 Cal. 507.

In the following cases it was determined that jurors stating that they had formed opinions which it would take evidence to remove were nevertheless competent if they were able to say that they believed that notwithstanding such opinions they could try the case as impartially as if they had never

heard of it. *State* v. *Lawrence,* 38 Iowa, 51; *State* v. *Millain,* 3 Nev. 409; *Ortwein* v. *Commonwealth,* 76 Pa. St. 414, 18 Am. Rep. 420; *Wormeley's Case,* 10 Gratt. 658; *Grisson* v. *State,* 4 Tex. App. 374.

DAVIS, J.—The appellant was prosecuted for a violation of paragraph 675 of the Penal Code, which provides: "Every officer of this territory, or of any county, city, town, or district of this territory, and every other person charged with the receipt, safe-keeping, transfer, or disbursement of public moneys, who, without authority of law, appropriates the same, or any portion thereof, to his own use, . . . is punishable by imprisonment in the territorial prison for not less than one nor more than ten years, and is disqualified from holding any office in this territory." The charging part of the indictment upon which the prosecution was based is as follows: "The said Peter R. Brady, Jr., on or about the 12th day of July, 1899, at the county of Pinal, territory of Arizona, and before the finding of this indictment, who was then and there an officer of said county of Pinal, to wit, county treasurer of said county of Pinal, and by virtue of his said office then and there by law was charged with the receipt, safe-keeping, and disbursement of the public moneys of said county of Pinal, and there acting in said office as such treasurer, did then and there willfully, feloniously, and without authority of law appropriate to his own use a part of the moneys intrusted to him as aforesaid, to wit, six thousand one hundred and ninety and eight one-hundredths dollars, lawful money and circulating medium of the United States of America; he, the said Peter R. Brady, Jr., well knowing that he was not entitled to the same." The indictment was demurred to on the grounds—1. That it does not substantially conform to the requirements of the Penal Code of the territory; and 2. That the facts stated therein do not constitute a public offense; and the demurrer was overruled. Upon the impaneling of the jury for the trial of the cause, a challenge was interposed by the defendant to a juror (P. H. Loss) for the existence of a state of mind on his part which would prevent him from acting in the case with entire impartiality. The juror was examined upon his *voir dire,* and the challenge was disallowed. There-

after the defendant exercised the full number of his peremptory challenges upon other members of the panel, and the juror named was sworn, and served in the trial of the case. A verdict of guilty was rendered. Motion for a new trial was made and overruled, and the defendant was sentenced to confinement in the territorial prison for a term of five years.

Two assignments of error are made by the appellant, one based upon the refusal of the trial court to sustain the demurrer to the indictment, and the other upon its refusal to allow the challenge for cause interposed to the juror P. H. Loss. We will consider first the ruling upon the demurrer, which involves the question of the sufficiency of the indictment. The requirement of the statute is that the indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Pen. Code, par. 1457. It must also be direct and certain as regards (1) the party charged, (2) the offense charged, and (3) the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. Id., par. 1459. The statute further provides that no indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits. Id., par. 1467. Tested by these requirements, is the indictment sufficient in form, and do the facts stated constitute a public offense? The point is urged that there is no definite allegation that the defendant ever received, as public money, the sum which he is charged with having appropriated. The indictment intelligibly sets forth, however, that he was an officer of a class referred to in the statute; that his duty was to receive public moneys; that while acting as such officer (i. e. performing the duties of such office) he appropriated some of the moneys intrusted to him as such officer. If money is intrusted to a public officer in his capacity as such, he certainly receives it as public money, and he must surely have received it to have appropriated it to his own use. The point is, we think, merely technical. Against the sufficiency of the indictment it is also urged that "Pinal County" is the proper name of the political subdivision, and that there

is no such body politic or corporate as the "County of Pinal."
There is no express provision of the statute that the name
shall be "Pinal County," and the two forms of county desig-
nation are used interchangeably in both the Civil and Penal
codes. The material part of the name is "Pinal," and for the
purposes of an indictment either form of designation would
equally satisfy the requirement of the law. The indictment
gives to the offense charged the appellation of "fraudulent
appropriation of public money," and it is contended that
there is no such crime defined by the statute. The offense
which paragraph 675 defines, and for which it prescribes a
penalty, is given no specific name in the statute; and whether
or not the pleader has aptly denominated it is immaterial.
The acts constituting the offense, as defined by the statute,
are sufficiently stated, and, even though the indictment failed
to give the proper legal appellation of the crime, it would be
a mere irregularity in matter of form, not tending to the
prejudice of the defendant. *People* v. *Phipps,* 39 Cal. 326;
*People* v. *Cuddihi,* 54 Cal. 53.

We come now to the consideration of the second ground of
error, predicated upon the refusal to allow the defendant's
challenge to the juror P. H. Loss. In his examination the
juror stated that he had formed an opinion as to the guilt or
innocence of the accused, which he still retained, and which it
would require evidence to remove; that his opinion was
formed from talking with various persons whom he thought
knew the facts in the case, and from hearing a part of the
testimony of one witness for the prosecution on a former
trial; that he would want considerable more evidence than
that testimony to come to a conclusion as to the guilt or inno-
cence of the accused; that he would not be able to act or find
a verdict on what he then knew; that he had been acquainted
with the defendant for about twelve years, and had a friendly
feeling toward him; that, if accepted as a juror, he could sit
in the case, and determine it entirely by the evidence that
would be introduced upon the trial, and would disregard any
idea or opinion that he had previously obtained from any
source; that he could act as a trial juror just as though he had
never heard of the case. This was the substance of the juror's
testimony on the *voir dire* inquiry. Can we say from it that
the trial court erred in overruling the challenge for bias?

Perhaps upon no one question of civil or criminal practice
have the decisions of courts been more inharmonious than
upon the question of qualification or disqualification of jurors,
arising from the formation or expression of opinion of the
guilt or innocence of the accused. Our statute has prescribed
a rule on the subject, which excludes a juror who has either
formed or expressed an unqualified opinion. Pen. Code, par.
1629. An unqualified opinion is a fixed, settled, and abiding
conviction as to the guilt or innocence of the defendant. An
opinion less decided than this may also be sufficient of itself,
or in connection with other proof, to exclude a juror, when
it appears that it will prevent him from acting with entire
impartiality. The rule laid down by Mr. Chief Justice Mar-
shall in Burr's trial was, that "light impressions, which may
fairly be presumed to yield to the testimony that may be
offered, which may leave the mind open to a fair considera-
tion of the testimony, constitute no sufficient objection to a
juror; but that those strong and deep impressions which close
the mind against the testimony that may be offered in oppo-
sition to them, which will combat that testimony and resist
its force, do constitute a sufficient objection to him." In
the case at bar it was disclosed by the examination of the
juror that he had, to some extent, formed an opinion as to the
guilt or innocence of the defendant, which he said it would
require evidence to remove, but that he could sit in the case,
and determine it entirely by the evidence that would be intro-
duced upon the trial, disregarding his opinion and previously
acquired ideas. There is nothing in the record to indicate
the nature of the witness's testimony on the former trial, a
part of which the juror had heard. Nowhere is it apparent
from the examination that the juror had any prejudice
against the defendant, and, so far as we can see, there was
no such prejudgment of the case on his part as would pre-
vent the juror from acting fairly and impartially. He evi-
dently believed he could do so, and the opinion which he had
was no more than a qualified or conditional one. It has been
frequently held that a juror, stating he has formed an opin-
ion as to the merits of a case, which it would take evidence to
remove, is nevertheless competent if it appears that he can
decide the case impartially, without reference to what he has
heard or the opinion which he has formed. *State* v. *Morse,*

35 Or. 462, 57 Pac. 631; *People* v. *King*, 27 Cal. 507, 87 Am. Dec. 95; *Ortwein* v. *Commissioners*, 76 Pa. St. 414, 18 Am. Rep. 420; *State* v. *Millain*, 3 Nev. 409; *State* v. *Lawrence*, 38 Iowa, 51. The challenge raised an issue of fact upon which the court had to determine whether the nature and strength of the opinion formed was such as would prevent the juror from acting with entire impartiality. The finding of the trial court upon that issue should not be set aside by the appellate court unless the error is manifest. ''No less stringent rules,'' says Mr. Chief Justice Waite, ''should be applied by the reviewing court in such case than those which govern in consideration of motions for new trial because the verdict is against the evidence. It must be made clearly to appear that upon the evidence the court ought to have found the juror had formed such an opinion that he could not, in law, be deemed impartial. The case must be one in which it is manifest the law left nothing to the conscience or discretion of the court.'' *Reynolds* v. *United States*, 98 U. S. 145, 25 L. Ed. 244. The trial judge heard the statements of the juror, had the opportunity to observe his manner, temperament, intelligence, and personal peculiarities, as exhibited on his examination,—important factors in determining his qualification,—and ruled in favor of his competency. There is nothing in the record which would warrant us in disturbing that finding. The judgment of the district court is affirmed.

Street, C. J., and Sloan, J., concur.