(75 Misc. Rep. 404.)

## PEOPLE v. MARKS.

(Court of General Sessions, New York County. January, 1912.)

1. RESCUE (§ 1*)—ELEMENTS OF OFFENSE—STATUTORY PROVISIONS.

    Penal Law (Consol. Laws 1909, c. 40) § 1692, providing that a person who by force or fraud rescues a prisoner from lawful custody or from an officer or other person having him in lawful custody is guilty of a felony if the prisoner was held on a charge, commitment, arrest, conviction, or sentence of felony, or misdemeanor, is not limited in its application to a case where the prisoner was held by a magistrate or other lawful authority upon a charge, commitment, arrest, conviction, or sentence, but extends to a case where an officer or other person holds one in lawful custody prior to his arraignment.

    [Ed. Note.—For other cases, see Rescue, Cent. Dig. § 1; Dec. Dig. § 1.*

    For other definitions, see Words and Phrases, vol. 7, pp. 6139, 6140.]

2. RESCUE (§ 1*)—ELEMENTS OF OFFENSE—"CHARGE"—"ARREST."

    Under Penal Law (Consol. Laws 1909, c. 40) § 1692, making it an offense to rescue a prisoner from lawful custody if the prisoner was held on a charge, commitment, arrest, conviction, or sentence of felony or misdemeanor, the terms "charge" and "arrest" relate to a case where an officer or other person holds a prisoner under lawful custody upon a charge of or arrest for a felony or misdemeanor.

    [Ed. Note.—For other cases, see Rescue, Cent. Dig. § 1; Dec. Dig. § 1.*

    For other definitions, see Words and Phrases, vol. 1, pp. 501–503; vol. 2, pp. 1064–1072; vol. 8, pp. 7599, 7600.]

3. RESCUE (§ 1*)—ELEMENTS OF OFFENSE—"COMMITMENT"—"CONVICTION"—"SENTENCE."

    In Penal Law (Consol. Laws 1909, c. 40, § 1692, relating to rescue, the terms "commitment," "conviction," and "sentence" relate to a case where an officer or another holds a prisoner under lawful custody after he has been judicially held under a commitment, conviction, or sentence for misdemeanor.

    [Ed. Note.—For other cases, see Rescue, Cent. Dig. § 1; Dec. Dig. § 1.*

    For other definitions, see Words and Phrases, vol. 2, pp. 1308, 1309; 1584–1591; vol. 7, pp. 6411, 6412.]

4. RESCUE (§ 1*)—ELEMENTS OF OFFENSE—STATUTORY PROVISIONS.

    Penal Law (Consol. Laws 1909, c. 40) § 1692, relating to rescue, and section 1696, relating to aiding escape of prisoners, when read together, provide a complete scheme for the punishment of a person who rescues a prisoner from lawful custody, and for the punishment of one who aids a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prisoner held under arrest in escaping or attempting to escape from lawful custody.

[Ed. Note.—For other cases, see Rescue, Cent. Dig. § 1; Dec. Dig. § 1.*]

5. RESCUE (§ 3*)—INDICTMENT—SUFFICIENCY.

Where the evidence before the grand jury shows that a police officer had a prisoner in lawful custody whom the officer had reasonable cause to believe had committed a felony, and that the prisoner attempted to escape, and defendant attempted to rescue him from the custody of the officer, defendant is indictable under both section 1692 and section 1696 of the Penal Law (Consol. Laws 1909, c. 40), and, the evidence being sufficient under section 1692, the failure to include a count under the other section does not vitiate the indictment.

[Ed. Note.—For other cases, see Rescue, Cent. Dig. § 3; Dec. Dig. § 3.*]

Indictment against Harry Marks for an attempt to commit the crime of rescuing by force a prisoner from a person having him in lawful custody. Motion to set aside indictment denied.

Charles G. F. Wahle, for the motion.

James A. Delehanty, opposed.

ROSALSKY, J. The indictment charges the defendant with the crime of an attempt to commit the crime of rescuing by force a prisoner from a person having him in lawful custody upon a charge and arrest for felony.

[1] Section 1692 of the Penal Law provides as follows:

"A person who, by force or fraud, rescues a prisoner from lawful custody, or from an officer or other person having him in lawful custody, is guilty of a felony, if the prisoner was held upon a charge, commitment, arrest, conviction, or sentence of felony; and if the prisoner was held upon a charge, arrest, commitment, conviction, or sentence for misdemeanor, the rescuer is guilty of a misdemeanor."

The learned counsel for the defendant contends that this section relates only to a case where a prisoner has been held by a magistrate or other lawful authority upon a "charge, commitment, arrest, conviction, or sentence," and that, as the evidence before the grand jury fails to show that the defendant attempted to rescue a prisoner who was so held, the indictment should be set aside.

There is no force in this contention for the reason that, if a prisoner had been rescued from an officer who held him under lawful arrest upon a charge of felony prior to his arraignment before a magistrate, there would be no prisoner to be arraigned for the pupose of determining whether he should be held upon any charge. To adopt the construction urged by counsel for the defendant would result in the immunity from prosecution and punishment of a person who rescued a prisoner from an officer who held him under lawful arrest upon a charge of felony or misdemeanor.

It is obvious that, under section 1692, provision is made for the punishment of a person who rescues by force or fraud a prisoner from an officer or other person who holds him under lawful arrest upon a charge of felony or misdemeanor prior to his arraignment before a magistrate or other lawful authority, and also that provision is made for the punishment of a person who rescues by force or fraud

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a prisoner from an officer or other person who holds him under lawful custody after he was held by a magistrate or other lawful authority upon a commitment, sentence or conviction.

[2, 3] The terms "charge, commitment, arrest, conviction, or sentence," used in the statute, have a peculiar signification. The terms "charge and arrest" relate to a case where an officer or other person holds a prisoner under lawful custody upon a charge of or arrest for a felony or misdemeanor, and the terms "commitment, conviction and sentence" relate to a case where an officer or other person holds a prisoner under lawful custody after he was judicially held under a commitment, conviction, or sentence for a felony or misdemeanor.

Furthermore, the foregoing terms are in the disjunctive; and therefore it must follow that if a person by force or fraud rescues a prisoner from lawful custody, or from an officer or other person having him in lawful custody, such person is guilty of a crime if the prisoner was held (a) upon a charge; (b) commitment; (c) arrest; (d) conviction; or (e) sentence.

The circumstances under which the defendant attempted to rescue the prisoner do not bring his conduct within the purview of section 2 of the Penal Law, defining an accessory to a felony; and it is therefore unnecessary to discuss its applicability to the case under consideration.

[4] Defendant's counsel argues that the defendant should have been indicted under section 1696 of the Penal Law, which relates to a case where a person aids or assists a prisoner in escaping or attempting to escape from the lawful custody of an officer under circumstances where the prisoner is held under arrest upon a charge of felony or misdemeanor. When sections 1692 and 1696 of the Penal Law are read together, it will be found that the Legislature provided a complete scheme for the punishment of a person who rescues a prisoner who was held in lawful custody, etc. (Penal Law, § 1692), and for the punishment of one who aids and assists a prisoner who is held under arrest in escaping or attempting to escape from the lawful custody, etc. (Penal Law, § 1696). It will be observed that, under section 1692, it is not necessary that the prisoner who was held in lawful custody, etc., should abet the rescuer in effecting or attempting to effect his rescue; while, under section 1696, it is essential that the prisoner in custody should himself attempt to escape, and the person who aids him or assists him in so doing is guilty of the crime of aiding an escape and not attempting to rescue a prisoner. It might well be, where the evidence shows that a prisoner in custody aids or assists a person to rescue him, that the indictment should charge such person, in separate counts, with the crime of an attempt to commit the crime of rescuing a prisoner and the crime of aiding and assisting a prisoner to escape.

[5] The evidence before the grand jury clearly shows that the police officer had one Moran in lawful custody upon a charge of felony; that the officer had reasonable cause for believing Moran to have committed it; that Moran attempted to escape; and that the defendant attempted to rescue Moran from the lawful custody of the police

officer. Upon this evidence the grand jury could have indicted the defendant under both sections 1692 and 1696 of the Penal Law. There is, however, sufficient legal evidence to bring the defendant's acts within section 1692; and the failure of the pleader to include in the indictment a count under section 1696 does not vitiate the legality of the indictment found under the former section.

The motion to set aside the indictment should therefore be denied. Motion denied.