[Criminal No. 791. Filed October 30, 1933.]

[26 Pac. (2d) 110.]

HERBERT MERRILL, Appellant, v. STATE, Respondent.

Mr. Jacob Morgan, for Appellant.

Mr. Arthur T. La Prade, Attorney General, and Mr. James R. McDougall, Assistant Attorney General, for the State.

McALISTER, J.—Appellant was convicted of an attempt to rescue a prisoner and given an indeterminate sentence in the state prison. He appeals from this judgment and sentence.

The information on which he was prosecuted names the crime it accuses him of committing as "Attempting to Rescue a Prisoner, a Felony," and then proceeds in this language:

"The said Herbert Merrill on or about the 10th day of January, 1933, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there wilfully, unlawfully, knowingly and feloniously attempt to rescue from the County Jail of Maricopa County, Arizona, one Albert De Raey, who was then and there a prisoner lawfully in custody in the County Jail of Maricopa County, Arizona, upon a conviction of Attempted Burglary,

a felony, by then and there bringing into and introducing into said jail for the use of said Albert De Raey certain acid, the name of said acid to the County Attorney being unknown, with the intent that said acid be used by the said Albert De Raey in cutting and destroying the bars to a window of the said jail so that the said Albert De Raey, after having cut and destroyed the said bars, could escape from said jail, the said Albert De Raey having on the 2nd day of January, 1933, requested the said Herbert Merrill to bring and deliver to him, the said Albert De Raey, the said acid for the purpose of using the same to cut and destroy the said bars."

The information was drawn under section 4537 of the Revised Code of 1928, which reads as follows:

"§ 4537. *Rescuing prisoners.* Every person who rescues or attempts to rescue, or aids another person in rescuing or attempting to rescue, or assists in the escape or attempt to escape of any prisoner from any prison or jail, or from any officer or person having him in lawful custody, or any inmate from any reformatory school to which he has been lawfully committed, is punishable as follows," etc.

A demurrer upon several grounds was interposed to this information and among these was the general one that it did not state facts sufficient to constitute a public offense. This was overruled and the first assignment attacks this action of the court. It is contended that the information attempts to charge two offenses, namely, an attempt "to aid" a prisoner to escape and an attempt "to rescue" a prisoner from the county jail, but succeeds in neither. The court, however, held that it did state the facts necessary to constitute an attempt to rescue the prisoner, De Raey, from the county jail. In naming the crime of which it accuses the appellant the information uses the term, "Attempting to Rescue a Prisoner, a Felony," and in designating a few lines lower the thing he "wilfully, unlawfully, knowingly and feloniously" did on January 10, 1933, repeats it. The use

of these terms in both instances, however, merely gives the name by which the information characterizes the crime it charges, but does not constitute that charge and is not decisive of the question whether it is in fact stated. That portion of the information which sets forth the facts, the acts performed by appellant, must be looked to for this purpose, and if these do not constitute that offense but do show a violation of some other portion of the Penal Code, the information is still sufficient, because it charges only one crime and that is the one the pleaded facts show, it being immaterial that the information improperly designates it. "The name of the crime, however," to use the language of *State* v. *Culbreath,* 71 Ark. 80, 71 S. W. 254, "is controlled by the specific acts charged, and an erroneous name of the charge does not vitiate the indictment." *O'Halloran* v. *State,* 31 Ga. 206; *Brady* v. *Territory,* 7 Ariz. 12, 60 Pac. 698. In 31 C. J. 669, par. 189, is found this statement which is supported by many authorities:

"So, too, an indictment is good as charging the offense which the facts set forth in the indictment constitute under the law, notwithstanding an improper characterization thereof in the caption."

The facts which the information pleads to constitute the offense it characterizes as "attempting to rescue a prisoner" are these: On January 10, 1933, appellant at the request of Albert De Raey made on January 2, 1933, brought and introduced into the Maricopa county jail for the use of said Albert De Raey a certain acid with the intent that it would be used by De Raey in cutting and destroying the bars of the window of the jail so that he could, after cutting and destroying the bars, escape therefrom. Do these facts show an attempt by appellant to rescue De Raey? "Rescue at common law is the forcibly and knowingly freeing another from arrest or imprisonment," according to 54 C. J. 696, and under the au-

thorities is perpetrated only when the prisoner is released or delivered without any efforts of his own to free himself. It implies inaction on his part and deliverance solely through the acts of another. In this respect it differs from the offense of assisting a prisoner to escape or in an attempt to escape, or an attempt to do either. These are committed when a third person performs acts that help, or tend to help the prisoner's efforts in his own behalf. One can only assist another in doing something that other is himself endeavoring to do. The acts of the prisoner and those of the other person must supplement each other.

Such was the holding of the court in *People* v. *Murphy,* (Cal. App.) 20 Pac. (2d) 63. Murphy had been convicted of assisting the escape of a prisoner under these circumstances: One Nathan, while sitting in the front seat of Murphy's car quite intoxicated, had been arrested by a police officer named Pursley and immediately thereafter taken some fifty feet away to a police telephone box where he sat down quietly while Pursley phoned for a police car. As the officer finished telephoning and turned from the box, Murphy, who had approached him in the meantime, knocked him to the pavement unconscious with a wrench he had taken from his tool kit, whereupon Nathan and Murphy left and were nowhere around when Pursley regained consciousness. Both, however, were arrested some two hours later and Murphy was shortly thereafter accused and subsequently convicted of assisting the escape of Nathan from the custody of the officer but this judgment was reversed on appeal upon the ground that he did not commit this offense since Nathan himself made no effort to escape before the officer was knocked unconscious. He was, the court held, guilty of the crime of rescue, since the blow and the unconsciousness of the officer immediately effected Nathan's

rescue. In discussing the difference between the offenses the court said:

"The point is settled without dissent, in those few jurisdictions in which it has arisen, that one cannot be guilty of such a crime as that specified in section 109 of the Penal Code unless his effort accompanies an actual attempt upon the part of some one else to free himself from the confinement of prison walls or from the custody of some minion of the law. The question is one of first impression in California, but the unanimity of decision elsewhere seems based upon reason and logic. One can only assist another in what that other makes an effort to do of his own volition. If one attempts to free that other from restraint without any effort on the latter's part the crime is a rescue, denounced in this state by section 101 of the Penal Code. . . . *Robinson* v. *State,* 82 Ga. 535, 9 S. E. 528, 529. See, also, *Harvey* v. *State,* 8 Ga. App. 660, 70 S. E. 141; *State* v. *Sutton,* 170 Ind. 473, 84 N. E. 824; *State* v. *Christian,* 253 Mo. 382, 161 S. W. 736; *King* v. *Tilley,* 168 Eng. Rep. (Crown Cases) 433; *Rex* v. *Martin,* 168 Eng. Rep. (Crown Cases) 757."

The court, it will be observed from this excerpt, was considering sections 109 and 101 of the Penal Code of that state, and a reading of the Penal Code of 1913 of this state discloses that sections 98 and 104 thereof were lifted from these California provisions practically in their entirety, and while these two sections were carried into the Arizona Revised Code of 1928 by the revision of that year as one section, 4537, *supra,* no change in their meaning was made. Hence, the decisions of the courts of that state, construing sections 109 and 101 of its Penal Code, are just as persuasive as before the revision of 1928, and the case of *People* v. *Murphy, supra,* decided in March of this year, is their most recent pronouncement on the subject.

In determining whether the facts in *Robinson* v. *State,* 82 Ga. 535, 9 S. E. 528, showed the commission

of the offense of aiding a prisoner to escape, which was charged in the indictment, or that of rescue, which was not charged, the court said:

"The two relevant sections of the Code are as follows: 'Rescue is the forcibly and knowingly freeing another from arrest or imprisonment.' Section 4478. 'If any person shall aid or assist any prisoner to escape, or attempt to escape, from the custody of any sheriff, coroner, constable, officer, or other person who shall have the lawful charge of such prisoner, such person so offending shall, on conviction, be punished,' etc. Section 4483. We think that rescue takes place where there is no effort on the part of the prisoner to escape, but his deliverance is effected by the intervention of others, without his co-operation; whereas the offense of aiding a prisoner to escape consists in inciting, supporting, or re-enforcing his exertions in his own behalf, tending to the accomplishment of that object. The evidence shows, in all three of these cases, that Wesley Hubert was not merely passive, but was himself making demonstrations, and putting forth some effort to effect his escape."

Viewed in the light of the distinction between these two offenses, it is plain from the information itself that it does not charge appellant with attempting to rescue the prisoner, De Raey. In bringing the acid into the jail it was not his intention to free or deliver De Raey therefrom without any effort on the latter's part. The information in fact states that appellant introduced it into the jail at the request of and to be used by De Raey himself in cutting and destroying the window bars in order that he might thereby escape. After delivery to him, the acid would have been of no more assistance to him in gaining his freedom than would any article of food or other harmless substance, unless he himself, or through another, had attempted to cut and destroy the bars with it. If the information had charged that he took it there to be used by himself, or by someone procured by him

other than De Raey, in cutting and destroying the window bars for the purpose of making an opening through which the latter could escape, it would perhaps have stated the offense of attempting to rescue a prisoner. But it contains no averment of this character and consequently does not state the crime of attempting to rescue a prisoner. It does, however, state facts constituting the offense of assisting in an attempt to escape, and since a general demurrer raises the question whether the facts stated in an information constitute a public offense at all there was no error in overruling the demurrer and this would seem to be true whether the crime charged be the one the pleader intended to state or not.

Notwithstanding the fact that the information charged the offense of assisting in an attempt to escape, appellant was neither tried for nor convicted of this crime. Throughout the trial this charge was eliminated from the consideration of the jury and that of attempting to rescue presented to it. The record discloses that in overruling the demurrer interposed upon the ground that the information stated, first, more than one offense, and, second, no offense at all, in the instructions to the jury, in the submission to it of a form of verdict to be returned in case it found the appellant guilty, and in the verdict itself, the charge was treated as that of attempting to rescue, an offense that the information disclosed upon its face and the evidence upon its introduction, the appellant neither intended to nor did commit. The crime of attempting to rescue and that of assisting in an attempt to escape have, it is true, certain elements in common, yet they are under the statute separate and distinct offenses, and until the revision of 1928 were found not only in different paragraphs but in different chapters of the Penal Code, one of which was entitled ''Rescue'' and the other ''Escapes and Aiding Therein.'' A conviction for an offense with

which appellant was not charged is, therefore, under the authorities cited above fundamental error requiring a reversal.

The judgment is, therefore, reversed and the cause remanded for such action not inconsistent herewith as the superior court may deem proper.

ROSS, C. J., and LOCKWOOD, J., concur.