Opinion
COLE, Acting P. J.
Appellants John and Joe Hernandez were charged with committing a misdemeanor violation of Penal Code section 4550[1] in that they wilfully attempted “to rescue or aid another person in rescuing or attempting to rescue a prisoner . . . from any officer or person havin [¿7c] him in lawful custody.” The object of the rescue was Anthony Hernandez, a ward in the lawful custody of the Youth Authority. The principal question raised on this appeal is whether appellants were charged and convicted under the correct statute; the attack on this issue is made directly by them, and as well was raised at trial by an objection to the court’s instructions defining the offense and a motion for judgment *Supp. 19 under Penal Code section 1118. Our study of the somewhat novel question convinces us that the point urged is well taken, that appellants should have been charged with an attempt to violate Welfare and Institutions Code section 1152, and that, accordingly, the judgments appealed from must be reversed.
Facts
On August 9, 1975, appellants visited Anthony, who was in custody at the Fred C. Nelles School, a facility of the Youth Authority. Later that day Anthony telephoned his sister, the call being monitored by a youth counsellor at the school. During the conversation Anthony talked to two males named respectively Joe and John; he told them that he was “still going” that night and that everything was “okay.” One of the males said there would be a white Mazda or white station wagon by a Lucky Market that night and that they would throw a rope with a hook over a tree; the other male stated that they had to go now and get the rope.
A Youth Authority officer testified that at the conclusion of a motion picture being shown at the school that night, Anthony placed himself 10 to 15 feet from the group of wards who had seen the picture, looked “fidgety” and began to move towards some bushes located in front of a darkened area. Another witness also testified to this and also testified that Anthony moved five to eight feet from the group of wards as it marched to a residence cottage and that Anthony was the last one in, in contrast to Anthony’s normal behavior.
Police officers testified to apprehending appellants outside the Youth Authority facility;[2] Joe was seen coming down from an embankment near the school fence by an officer while the latter was questioning the occupants of a white Mazda. Joe said he was following the Mazda home in a second car; John was found in the other car, nearby, bending over out of sight. A rope, with knots placed at intervals, and which appeared suitable for assisting someone to crawl over the fence, was found in the Mazda.
*Supp. 20 Discussion
The principal issue is whether the above facts show that appellants were guilty of an attempt to rescue Anthony, as charged and found, or whether the latter’s apparent participation in efforts to free himself from custody amounted to an attempt to escape.
The offense of rescue, defined in Penal Code section 4550 (fn. 1, ante) is a separate statutory offense from that of assisting a prisoner to escape. Assisting to escape is the subject of other statutes. Penal Code section 4534 makes it an offense to wilfully assist any prisoner or any person in the lawful custody of an officer to escape or attempt to escape. Penal Code section 109 similarly provides with respect to “any inmate of any public training school or reformatory.” Welfare and Institutions Code section 1152 provides: “Any person who knowingly permits or aids any inmate of any institution under the jurisdiction of the Youth Authority to escape therefrom, or conceals him with the intent of enabling him to elude pursuit, is guilty of a misdemeanor.”
Thus California has one code section (Pen. Code, § 4550) dealing with the offense of “rescue” and at least three sections (Pen. Code, §§ 109 & 4534 and Welf. & Insts. Code, § 1152) dealing with assisting one in custody to escape.
The common law made no distinction between rescue and aiding a prisoner to escape. (Perkins, Criminal Law (2d ed. 1969) p. 508.) Where third parties used force to liberate one held in legal custody, and if neither the prisoner nor the jailor caused or aided the unlawful liberation, the offense was rescue. (Ibid.) Rescue has been variously defined as “forcibly freeing another from legal custody” (id., at p. 507) and as “forcibly and knowingly freeing another from arrest or imprisonment.” (77 C.J.S. 278. See Merrill v. State (1933) 42 Ariz. 341 [26 P.2d 110, 112].) However, “in jurisdictions in which there are separate statutes dealing with the offense of rescue and the offense of assisting a prisoner to escape, the elements of the two offenses are not the same; rescue takes place where there is no effort on the part of the prisoner to escape prior to his rescue, but his deliverance is effected by the intervention of others without his cooperation, and it does not take place where a person assists a prisoner in an attempt to escape.” (Fns. omitted. 77 C.J.S. at p. 279.)
California law is in accord. The only case dealing with the subject which the parties have called to our attention, or which we have, been *Supp. 21 able to find, is People v. Murphy (1933) 130 Cal.App. 408 [20 P.2d 63]. There one Nathan, quite drunk, was taken into custody by Officer Pursley and was led by the latter over to a police telephone box. Nathan sat quietly on the curb, waiting while the officer called for a police car. As the call was completed, Nathan’s companion, defendant Murphy, appeared and struck Officer Pursley with a wrench, knocking him unconscious. When the officer came to, neither Murphy nor Nathan were in sight. Murphy was convicted of assisting Nathan to escape. The conviction was reversed because Nathan himself had made no effort to escape before the officer was knocked unconscious. The true offense, the court said, was “rescue,” an offense then set out in Penal Code section 101 (now § 4550).
In support of its holding, the court quoted from Robinson v. State (1889) 82 Ga. 535 [9 S.E. 528] where the court said: “We think that rescue takes place where there is no effort on the part of the prisoner to escape, but his deliverance is effected by the intervention of others, without his cooperation; whereas the offense of aiding a prisoner to escape consists in inciting, supporting or reenforcing his exertions in his own behalf, tending to the accomplishment of that object.” 9 S.E. at page 529, quoted at 130 Cal.App. pages 409-410. In the Robinson case a conviction of aiding an escape was affirmed, the efforts of the prisoner there being somewhat meagerly described as “not merely passive, but... making demonstrations, and putting forth some effort to effect his escape....” 9 S.E. at page 529.
Other cases recognize that the elements of rescue and of aiding a prisoner to escape are different. In Merrill v. State, supra, 26 P.2d 110, the Arizona Supreme Court held the two offenses to be distinct, although they appeared in one section of the Arizona Revised Code of 1928, inasmuch as predecessor code sections had been “lifted ... practically in their entirety” (26 P.2d at p. 112) from separate sections of the California Penal Code (former §§ 101 & 109). The defendant Merrill was charged in an information with an attempt to rescue a prisoner. The information stated that this attempted rescue was to be accomplished by bringing acid into the jail to be used by the prisoner in cutting and destroying the bars of a window so that the prisoner could escape.
The Arizona court pointed out that this charge required the prisoner to do something to effect his own escape. Therefore, the information did not state facts constituting the offense of attempted rescue, but did state *Supp. 22 facts, the court held, constituting the offense of assisting in an attempt to escape. (26 P.2d at p. 113.) The conviction was reversed. (See also People v. Marks (1912) 75 Misc. 404 [135 N.Y.S. 523].)
The question in our case is whether Anthony’s conduct was such as to show that his own efforts were being exerted to assist in his escape. It is manifest that they were. The telephone conversation which he had with appellants indicated Anthony’s intention to escape and his knowledge that a hooked rope would be the instrument thereof. His conduct indicated a desire to move toward an area of the school where the plan might be put into effect. Defendants’ own conduct would have been insufficient by itself to liberate Anthony from the school. Throwing a hooked rope over the wall would not have liberated Anthony unless he seized both the rope and the opportunity for climbing it. It is thus apparent that under the principles of People v. Murphy, supra, defendants were charged and convicted under the wrong statute.
The applicable statute governing appellant’s conduct is Welfare and Institutions Code section 1152. That section expressly declares it to be a misdemeanor to knowingly permit or aid any inmate of a Youth Authority institution to escape. While Anthony did not actually escape, the acts of appellants were sufficient to go beyond mere preparation and constitute an attempt to violate that section. (People v. Stites (1888) 75 Cal. 570, 576-577 [17 P. 693]; see 1 Witkin, Cal. Crimes, p. 90 et seq.) Appellants should have been charged with an attempt to violate Welfare and Institutions Code section 1152 in violation of Penal Code section 664. Appellants having been charged under the wrong statute, they did not receive the requisite notice which due process requires and this fundamental error compels reversal. (Merrill v. State, supra, at p. 113; see Witkin, Cal. Criminal Procedure (1963) p. 174.)
The judgments appealed from are reversed.
Alarcon, J., and Thomas, J.,* concurred.

Section 4550 reads as follows:
“Every person who rescues or attempts to rescue, or aids another person in rescuing or attempting to rescue any prisoner from any prison, or prison road camp or any jail or county road camp, or from any officer or person having him in lawful custody, is punishable as follows:
1. If such prisoner was in custody upon a conviction of a felony punishable with death: By imprisonment in the state prison not less than one nor more than fourteen years;
2. If such prisoner was in custody otherwise than as specified in subsection 1 hereof: By imprisonment in the state prison not to exceed five years, or by imprisonment in the county jail not to exceed one year.”
The complaint in the instant case specified the offense to be a misdemeanor (see Pen. Code, § 17, subd. (b)(4)). Defendants have not urged that they should be tried as felons.

The record does not expressly state that the apprehension of appellants and their activities immediately prior to apprehension occurred on August 9, 1975, the date of Anthony’s activities related above. It is a clear inference, however, that such was the case.

 Assigned by the Chairman of the Judicial Council.