422 So.2d 14 (1982)
Vincent Charles DI SANGRO, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 81-1037.
District Court of Appeal of Florida, Fourth District.
July 7, 1982.
Rehearing Denied December 8, 1982 and Rehearing Denied January 19, 1983.
*15 Philip G. Butler, Jr., West Palm Beach, for appellant/cross-appellee.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
We have considered appellant's three points on appeal and find merit in only one.
Among other things, appellant was convicted of attempted possession of valium, a lesser included offense of the charge of possession of valium with intent to sell.
The evidence shows that the valium was located in two suitcases in Room 285 of the Ramada Inn, a room rented to appellant's brother, Paul DiSangro; that appellant was present on a boat during the sale of a quantity of valium and he participated in counting the money for the sale; he was also present with others at a restaurant during further planning for additional sales to the same undercover agents. While a cohort was present in an undercover agent's room, the cohort received a phone call from appellant. Also, appellant was arrested with his brother in the lobby of the Ramada Inn. Finally, one of appellant's cohorts told the agents that he, appellant, and appellant's brother had a motel room. This evidence demonstrates appellant's heavy involvement in the entire criminal episode and raises a serious suspicion that appellant was in possession of the contraband; however we doubt it can be said to prove possession beyond a reasonable doubt. It simply does not demonstrate dominion and control, one of the three criteria to prove constructive possession. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981).
Accordingly, we reverse the judgment and sentence for attempted possession of valium with intent to sell and affirm the judgment and sentence in all other respects.
REVERSED IN PART; AFFIRMED IN PART.
DOWNEY, ANSTEAD and HERSEY, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
Appellant was convicted on four counts: Count I, violation of the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, Sections 943.46-943.465, Florida Statutes (1979); Count II, sale of valium; Count III, sale of valium; and Count VII, attempted possession of valium. The predicate acts constituting the racketeering violation were Counts II, III, and VII. In an opinion filed July 7, 1982, we reversed the conviction on Count VII, but affirmed the judgment in all other respects. Since a conviction on one of the predicate crimes was reversed, appellant contends on petition for rehearing, relying upon United States v. Brown, 583 F.2d 659 (3rd Cir.1978), that we should reverse the conviction for racketeering for a new trial.
Chapter 943, Florida Statutes (1979), defines the crime of racketeering activity and provides that, in order to convict one of such crime, there must be a pattern of criminal activity, which means engaging in at least two incidents of racketeering conduct. Appellant was charged with three such predicate acts, two of which were sufficient to be considered by the jury. The fact that the jury considered three such acts and a conviction on one of those was reversed because of insufficient evidence does not take away from the fact that the Florida statutory requirements were met. Brown does stand for the proposition, in such circumstances, that a new trial should be awarded on the racketeering count. We, however, disagree with the Brown holding and choose to follow the contrary holding of United States v. Peacock, 654 F.2d 339 (5th Cir.1981). See, too, United States v. Parness, 503 F.2d 430 (2d Cir.1974).
Accordingly, the petition for rehearing is denied.
DOWNEY and HERSEY, JJ., concur.
ANSTEAD, J., dissents in part and concurs in part with opinion.
*16 ANSTEAD, Judge, dissenting in part and concurring in part:
I would grant the petition for rehearing to the extent of directing that appellant be granted a new trial on his conviction for racketeering, since we have reversed appellant's conviction for one of the predicate crimes that the jury may have relied on in convicting the appellant of racketeering. U.S. v. Brown, 583 F.2d 659 (3d Cir.1978).