## STATE OF FLORIDA v CAMPEAU
### Case No. CR90-4363 (16)

Ninth Judicial Circuit, Orange County

November 7, 1990

### APPEARANCES OF COUNSEL

**John Williams, Esquire,** for plaintiff.

**Steven G. Mason, Esquire,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

JEFFORDS MILLER, Circuit Judge.

THIS MATTER is before the Court on Glenn David Campeau's Motion to Dismiss which was brought pursuant to Florida Rules of Criminal Procedure 3.190(c)(4). After hearing argument on the above matter on September 10, 1990, the Court makes the following determinations:

### *FACTS*

#### I.

The facts as demurred to by the State are that on April 21, 1990, at

approximately 2220 hours, Glen (sic) Campeau slowly drove his truck into the driveway of the Forest Hills Apartments, Forest City, Florida. Although, not necessarily a material or dispositive fact, the parties agreed that the above area is known by the police as a well-known area for the curb-side sale of illicit substances. Agents Wolfe and Behan were standing nearby, dressed in full Orange County Sheriff's attire, with a smock. Agent Behan yelled "I got it" Mr. Campeau then pulled over and parked his truck. Agent Behan removed his smock and approached the rear of Mr. Campeau's truck. Mr. Campeau was looking at Agent Behan through the truck's outside rear-view mirror. As Agent Behan got closer to Mr. Campeau's side window, he said "What do you need?" Mr. Campeau said, "Give me a ten."[1] Mr. Campeau had a ten (10) dollar bill in his left hand. Agent Behan then arrived at Mr. Campeau's window. Mr. Campeau then tried to back his truck out of the parking lot. During this time, Mr. Campeau tried to put his ten (10) dollar bill in his pocket, but finally just threw it over his seat into the truck. Agent Behan prevented Mr. Campeau from backing out and arrested him. Agent Behan recovered the ten (10) dollar bill, serial number K07342330B.

*LAW*

## II.

Albeit, Mr. Campeau was initially arrested for Attempted Purchase of Cocaine, he was subsequently charged by the State with violation Section 896.101(2)(b)1, Florida Statutes (1989) specifically, Unlawful Transportation of Currency. The question remaining is whether the above material undisputed facts "raise a jury question" in the context of reasonable doubt. *Ellis v State,* 346 So.2d 1044, 1047 (Fla. 1st DCA 1977).

In order to sustain a charge of Unlawful Transportation of Currency, the State must prove that the accused transported or attempted to transport a monetary instrument or funds, with the intent to promote the carrying on of a specified unlawful activity. The term "specified unlawful activity" as defined in Section 896.101(1)(g) "means any 'racketeering activity' as defined in Florida Statutes 895.02." In

---

[1] The State asks this Court to find that the phrase "Give me a ten," in the context of these facts is street-vernacular for the purchase of cocaine. However, within the parameters of the above facts, this statement is equivocal and could connote a meaning other than the one suggested by the State. Hence, this Court makes no such finding, but lets the words stand on their own. However, even if the Court accepted the State's view, it would not effect the outcome of this case.

order to show that a party transported currency with the requisite means, the State must be able to point to additional factors which support the conclusion that the party had formed an unlawful intent. These factors, among others may include the production of inculpatory statements by the accused or other parties, physical or scientific evidence such as narcotics residue, which is present on the currency or the tracing of the serial numbers on the currency to an illegal or tainted source. Moreover, there must be sufficient evidence to show that the accused intended on using the money to promote or commit a specified unlawful activity. The mere transporting of currency without the element of illegal intent being proven beyond a reasonable doubt, will not sustain this charge. Additionally, it is a fundamental maxim of law that any doubt as to the construction of a criminal statute must be resolved in favor of the accused. See *Ferguson v State*, 377 So.2d 709, 711 (Fla. 1979), *Reino v State*, 352 So.2d 853, 860 (Fla. 1977).

As to the facts of this case, there is no evidence before this Court which shows that Glenn Campeau transported the ten (10) dollar bill in question, with the requisite illegal intent. The State, in its charging document, alleges that the "specified unlawful activity" at issue is the purchase of cocaine, as proscribed by Section 893.13, Florida Statutes. It is evident from the facts that Mr. Campeau did not purchase the cocaine. Albeit, the State may not need to prove that the predicate act or specified unlawful activity was completed; they must, nonetheless, prove that the accused has the requisite intent to promote or carry on the unlawful activity. See *Harper v State*, 15 FLW D 2366, 2367 (Fla. 5th DCA 1990).[2] This Court not only finds that the facts here do not support the crime of Attempted Purchase of Cocaine, but do not show that GLEN[sic] CAMPEAU, transported the ten dollar bill in question, with the intent to promote a specified unlawful activity. See *Adams v Murphy*, 394 So.2d 411, 413 (Fla. 1981); *Payne v State*, 426 So.2d 1296, 1300 (Fla. 2nd DCA 1983); *Sangro v State*, 422 So.2d 14, 15 (Fla. 4th DCA 1982); Section 777.04, Florida Statutes (1989).

As a second ground for granting the Motion the Court holds that the intent of the legislature in passing Section 896.101, Florida Statutes (1989) was not directed at the type of scenario that has been presented to this Court. The courts in construing criminal statutes must not only look to the plain meaning of the words therein, but must examine the statute in pari-materia with the Florida Statutes as a whole. See *Adams*

---

[2] The *Harper* case involved whether the constitutional double jeopardy clause was violated when the accused was convicted of Purchase of a Controlled Substance and Unlawful Transportation of Currency. *Harper* did not address nor consider the issues presented herein.

*v Murphy,* 394 So.2d 411, 413 (Fla. 1981); *Winter Park v Jones,* 392 So.2d 568, 572 (Fla. 5th DCA 1980).

The Court notes that Section 896.101 is styled *offense of Conduct of Financial Transaction involving proceeds of unlawful activity; penalties.* Moreover, Section 896.101(2) refers to Section 895.02 which defines racketeering activity. Sections 895.101-895.06 are titled "The Florida Racketeer Influenced and Corrupt Organization Act. Part of the legislative history of 896.101 can be found in Chapters 87-243, Sections 30-36 Laws of Florida, which is cited as the "Money Laundering Act." The term "Money Laundering" is defined in Senate Bill 611 by Senator Lehtinen which states: "The president's Commission on Organized Crime defined money laundering as "the process by which one conceals the existence, illegal source, or illegal application of income, and then disguises that income to make it appear legitimate' ". The Court also finds support for its ruling in the corollary federal statute found at 18 U.S.C. 1956 and its legislative history contained within the House and Senate debates referenced under 1986 U.S. Code Cong. and Adm. News, p. 5393. The Court, after reading 896.101 in its entirety and in conjunction with the other cited authorities, finds that this statute was not designed to attack what some parties might term your run-of-the-mill ten dollar street-level drug transaction.

Accordingly, the Court holds that the State has failed to prove a prima facie case against Glenn Campeau for violating Section 896.101(2)(b)(1), Florida Statutes (1989) therefore, the charge herein is DISMISSED.

DONE and ORDERED this 7th day of November, 1990.

\* \* \*

### ORDER ON DEFENSE MOTION TO DISMISS

This Cause coming on to be heard upon the written Motion of the Defense and the Court having heard the arguments of counsel and being fully advised in the premises, it is therefore,

ORDERED that the Defense Motion to Dismiss is hereby GRANTED.

The Court bases its ruling on the following:

The material facts of this case are as follows:

a. On April 21, 1990, at approximately 2220 hours, Glen[sic] Campeau slowly drove his truck into the driveway of the Forest Hills Apartments, Forest City, Florida;

b. The above area is known by the police as a well-known area for the curb-side sale of illicit substances;

c. Agents Wolfe and Behan were standing nearby, dressed in full Orange County Sheriff's attire, with a smock;

d. Agent Behan yelled "I got it."

e. Mr. Campeau then pulled over and parked his truck;

f. Agent Behan removed his smock and approached the rear of Mr. Campeau's truck;

g. Mr. Campeau was looking at Agent Behan through the truck's outside rear-view mirror;

h. As Agent Behan got closer to Mr. Campeau's side window, he said "what do you need?"

i. Mr. Campeau had a ten (10) dollar bill displayed in his left hand;

j. Agent Behan then arrived at Mr. Campeau's window;

k. Mr. Campeau then tried to back his truck out of the parking lot;

l. During this time, Mr. Campeau tried to put his ten (10) dollar bill in his pocket, but finally just threw it over his seat into the floor of the truck;

m. Agent Behan prevented Mr. Campeau from backing out and arrested him;

n. Agent Behan recovered the ten (10) dollar bill, serial number K07342330B.

The Court further finds as an act of Judicial Notice that the phrase "give me a ten" is street terminology for a request of ten dollars worth of cocaine.

The State does not have to show that a specified unlawful activity or predicate act was completed. The statute requires only an intent to promote the carrying on of a specified unlawful activity. Purchase of cocaine, or an attempt to purchase cocaine is an unlawful activity under 896.101(2)(b)(1).

The Court finds that while the facts do adequately form the charge of Attempted Purchase of Cocaine, the court further finds however that these do not meet the legislative intent of Florida Statute 896.101(2)(b)(1).

\* \* \*

## ORDER

This Court having granted the defendant's Motion to Dismiss and

**173**

the State and defense having differed considerably on their submission of proposed Orders. This Court is submitting both proposed Orders as a portion of its Order Dismissing said case, and incorporates both orders as a portion of this Court's Order of Dismissal.

Wherefore, Defendant's Motion to Dismiss brought pursuant to FRCP 3.190(c)(4) is hereby GRANTED.

DONE and ORDERED this 7th day of November, 1990.