NORTHCUTT, Judge.
The State-prosecuted a bevy of Manatee County residents based on alleged street gang activity. After most of the defendants entered into plea agreements, Jimmy Sanchez was tried alone. Sanchez was charged with racketeering, § 895.03(3), Fla. Stat. (2006), and conspiracy to commit racketeering, § 895.03(4). During his trial, Sanchez sought a judgment of acquittal on both charges, but the court denied his motion. The jury convicted him of both crimes. We agree with Sanchez’s assertion that the evidence was insufficient to support his convictions. Therefore, we reverse and remand with directions to discharge him.
The original information charged that Sanchez committed racketeering and conspiracy to commit racketeering by engaging in a pattern of racketeering activity evidenced by two predicate acts: possession of a concealed weapon and aiding the escape of Ben Garcia, another person charged in the information. See § 895.02(l)(a)(24), (38) (defining the predicate acts as “racketeering activity”); § 895.02(4) (defining “[pjattern of racketeering activity” as “engaging in at least two incidents of racketeering conduct”). The information was later amended to allege robbery, murder, and aggravated assault as additional predicate acts. See § 895.02(l)(a)(21), (22), (28). These predicate offenses were based on allegations that Sanchez acted as a principal to code-fendant Aurelio Ibarra’s commission of a robbery during which Ibarra killed a man, and that Sanchez was a principal to Ibar-ra’s commission of an aggravated assault.
Sanchez’s motion for judgment of acquittal asserted that the evidence was insufficient to prove any of the alleged predicate acts. The trial court entered a written order denying Sanchez’s motion. However, in her oral remarks, the judge expressed some reservations.
*914 I will tell you that there were some close issues with some of the predicate offenses, and the one that probably concerned me the most was the aiding an escape. And so while I have denied the motion on the aiding escape, I’m going to propose to you all, and let you talk about it, a suggestion on the jury instructions, and that is that we outline in the jury instructions the special interrogatories for the jury to elect which, if any, or all, predicate offenses they would base their decision on, if there were a guilty in this case.
And the reason for that is if there is a guilty verdict, and if I am incorrect, there would be no guidance at all for the attorneys as to what the decision of the jury was. So if, for example, I’m incorrect on aiding an escape, and that were one of the predicate offenses the jury had found defendant guilty of, we wouldn’t know that, and then necessarily there would have to be another trial in this ease.
Thus, the jurors were given an interrogatory verdict in which they were to indicate which, if any, predicate offenses were proved under both the racketeering and the conspiracy to commit racketeering charges. Ultimately, the jurors determined that the State proved just two predicate offenses: possession of a concealed weapon and aiding an escape.
The substantive racketeering charge.
To convict an accused of racketeering under section 895.03(3), the State must prove that he engaged in two incidents of racketeering conduct. In this case, Sanchez’s conviction on the racketeering charge rested on the jury’s finding that he committed the predicate offenses of possessing a concealed weapon and aiding an escape. However, we conclude that the trial judge’s reservations about the latter charge were well taken; the evidence was insufficient to prove that Sanchez aided an escape. Therefore, his racketeering conviction must be reversed. Cf. Mese v. State, 824 So.2d 908, 911 n. 2 (Fla. 3d DCA 2002); Di Sangro v. State, 422 So.2d 14 (Fla. 4th DCA 1982).
When considering this issue we have viewed the evidence in a light most favorable to the State. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002). No one disputes that Sanchez and his friend Ben Garcia were standing in front of Garcia’s house and then ducked inside when they spied an approaching police car. A sergeant and a deputy with the Manatee County Sheriffs Office were driving to the residence to serve Garcia with an arrest warrant. The sergeant testified that he approached the front door while the deputy proceeded down the side of the house. When Sanchez answered the sergeant’s knock, the sergeant advised that he “needed to talk to Benjamin Garcia.” Sanchez told the sergeant that Garcia “wasn’t there, he hadn’t seen him.” While the sergeant was talking to Sanchez, the deputy heard someone in the backyard of the residence. The deputy called out “Benjamin, come here.” At that, Garcia walked from behind his home and was immediately arrested. When the sergeant later asked Sanchez why he had lied, Sanchez replied that he “was trying to help [Garcia] out.”
When cross-examined, the sergeant acknowledged that Garcia had not escaped. But on redirect he opined that if the deputy had not been positioned at the side of the house, Garcia would have “gotten away.”
It is a third-degree felony under section 843.12, Florida Statutes (2006), if a person “knowingly aids or assists a person in escaping, attempting to escape, or who has escaped, from an officer or person who has or is entitled to the lawful custody of *915 such person.” There is scant case law interpreting this provision. An earlier version of the statute did not contain the word “knowingly.” The Florida Supreme Court was concerned that the statute as written could be applied to someone who only inadvertently helped an escapee. King v. State, 42 Fla. 260, 28 So. 206 (1900). It observed that the legislature could not have intended such an application and noted a commentator’s suggestion that an information charging the crime “should set out the custody of one as a prisoner, and its lawfulness, the defendant’s knowledge thereof, [and] the acts of assistance or rescue.” Id. at 207 (emphasis supplied). Thus, even before the statute contained a “knowing” requirement, the supreme court suggested that to commit the crime, an accused must know that the police had lawful custody of the escapee. The prior statute also did not contain the “or is entitled to” lawful custody wording. We recognize that an officer serving an arrest warrant is “entitled to” lawful custody of the arrestee. Dupree v. State, 416 So.2d 1228, 1230 (Fla. 1st DCA 1982).
To prove the “knowing” element of the crime, the State had to demonstrate both that Sanchez knew the police were attempting to serve an arrest warrant and that he knew Garcia was attempting an escape. Cf. King, 28 So. at 207. It did neither. On the first point, the sergeant merely told Sanchez that he needed to speak to Garcia; he said nothing about an arrest warrant. ■ No other proof was offered on this topic.
As for Garcia’s purported “escape,” the only evidence was that he went inside the residence and then was heard in the backyard, presumably within the curtilage of his home. The State offered nothing to suggest that Garcia knew that a warrant had been issued for his arrest, that Garcia was trying to escape from his residence, or that Sanchez had any inkling that Garcia was trying to avoid an arrest. In fact, the testimony that Garcia responded to the deputy’s call by stepping forward rather than running away belies any implication that he was attempting an escape.
Without doubt, Sanchez lied to law enforcement. The sergeant saw Sanchez and Garcia walk into the house together, but Sanchez denied that he had seen his friend. But merely giving the police false information generally will not support a criminal conviction, not even a misdemean- or conviction for resisting an officer without violence, § 843.02, commonly referred to as “obstruction.” See W.W. v. State, 993 So.2d 1182, 1185 (Fla. 4th DCA 2008); see also D.G. v. State, 661 So.2d 75 (Fla. 2d DCA 1995) (obstructive conduct, rather than words, is generally necessary to support an obstruction conviction). If the sergeant had disclosed to Sanchez his intention to serve an arrest warrant on Garcia, the evidence conceivably might have supported a finding that Sanchez violated the obstruction statute. See State v. Legnosky, 27 So.3d 794 (Fla. 2d DCA 2010) (noting the three scenarios where words alone are sufficient to obstruct a police officer: where the officer is (1) serving process, (2) legally detaining a person, or (3) asking for assistance). But he did not. And even if he had, obstruction was not charged as a predicate act; the information specifically referenced the crime of aiding an escape, under section 843.12.[1]
*916 To summarize, two predicate offenses are necessary to the commission of criminal racketeering. Here, the State proved only one predicate offense, and thus it failed to prove an element of the charged crime. For that reason, we reverse Sanchez’s racketeering conviction. See § 895.03; Mese, 824 So.2d at 911 n. 2; Di Sangro, 422 So.2d at 15; State v. Adkins, 553 So.2d 294, 297 (Fla. 1st DCA 1989).
The conspiracy to commit racketeering charge.
We now turn to Sanchez’s conviction for conspiracy to commit racketeering under section 895.03(4). This crime may be proved in one of two ways. “The government may either prove (1) that a defendant agreed to the overall objective of the conspiracy or (2) that the defendant personally committed two predicate acts, thereby participating in a single objective conspiracy.” Mese, 824 So.2d at 917, (Ramirez, J., dissenting) (quoting United States v. Shenberg, 89 F.3d 1461, 1471 (11th Cir.1996)).
The Florida standard jury instruction for a section 895.03(4) offense tracks these alternate ways of proving the crime:
3. At the time the defendant joined the conspiracy, [he] did so with the specific intent either to personally engage in at least two incidents of racketeering, as alleged in the Information, or [he] spe-cifícally intended to otherwise participate in the affairs of the ‘enterprise’ with the knowledge and intent that other members of the conspiracy would engage in at least two incidents of racketeering, as alleged in the Information, as part of a “pattern of racketeering activity.”
Fla. Std. Jury Instr. (Crim.) 26.8. (emphasis supplied).
Here, the State alleged in the amended information that Sanchez participated in a racketeering conspiracy by committing the same five predicate offenses that were alleged against him in the substantive racketeering count. At the prosecutor’s request, the trial court listed the alleged predicate acts in its jury instruction on the conspiracy charge.[2] And as was the case on the racketeering count, on this count the verdict form required the jurors to indicate which, if any, of the alleged predicate offenses had been proved.
Under the State’s approach, proof of all the alleged predicate offenses would have satisfied either of the methods for proving conspiracy to commit racketeering. The jury could convict Sanchez on the conspiracy count if it determined that he personally committed two predicate offenses (carrying a concealed firearm and aiding Garcia’s escape), or that he intended that *917 other members of the conspiracy commit at least two incidents of racketeering (acting as a principal to Ibarra’s commission of a robbery and murder and of an aggravated assault),[3] or both.
The jury rejected the allegations that Sanchez acted as a principal to Ibarra’s crimes. But it convicted him of the conspiracy count based on its finding that he personally committed two predicate acts, possession of a concealed weapon and aiding Garcia’s escape. As we discussed in our analysis of the substantive racketeering conviction, the evidence was insufficient to prove that Sanchez aided in the escape of Garcia, and in fact, the evidence did not even establish that Garcia was attempting to escape. Thus, for the purpose of proving the conspiracy charge based on Sanchez’s intent to “personally engage in at least two incidents of racketeering,” the concealed weapon crime was the only predicate act both found by the jurors and supported by the evidence. This one act was insufficient to support the conviction under that theory of conspiracy.
Because the State failed to prove either of the charges against Sanchez, we must reverse his convictions and remand with directions to discharge him.
Reversed and remanded with directions.
WALLACE and KHOUZAM, JJ., Concur.

. We note that at Sanchez’s trial the jurors were instructed that resisting an officer without violence was a lesser included charge of the predicate act of aiding an escape. That instruction is not at issue on appeal. But it is important to remember that Sanchez was not on trial for the crime of aiding an escape. That offense was alleged solely as a predicate act underlying the racketeering charges for which he was being tried. We doubt that it is *916 proper to give a lesser included instruction regarding a crime that is alleged only as a predicate act. Cf. State v. Adkins, 553 So.2d 294, 297 (Fla. 1st DCA 1989) (holding that a racketeering charge was properly dismissed when felony perjury under section 837.02, one of two alleged predicate acts charged in the information, was dismissed for failure to state a criminal offense, even though the facts might establish the crime of misdemeanor perjury under section 837.012; that crime and that statute were not delineated in the information); see also United States v. Fowler, 535 F.3d 408, 421 (6th Cir.2008) (noting that a crime alleged as a predicate act for purposes of a racketeering charge is not charged crime and that a lesser included offense instruction is not permissible when a defendant has not been charged with a crime; "there is no such thing as a lesser-included-predicate-act instruction").

. Although the standard jury instruction on the substantive racketeering charge under section 895.03(3) requires that the predicate acts alleged in the information to be read to the jurors, Fla. Std. Jury Instr. (Crim.) 26.7, the instruction on conspiracy to commit racketeering under section 895.03(4) does not, Fla. Std. Jury Instr. (Crim.) 26.8.

. To be guilty as a principal to a crime, the defendant must, among other things, have "a conscious intent that the criminal act be done.” Fla. Std. Jury Instr. (Crim.) 3.5(a).