VILLANTI, Judge.
Earnest Morgan appeals his convictions and sentences in circuit court case number 05-CF-21005 for one count of violating the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act, one count of conspiracy to violate the Florida RICO Act, and one count of felon in possession of a firearm.[1] Because the record on appeal is inadequate to allow this court to determine whether the State met its burden to present legally sufficient evidence to sustain Morgan’s convictions for violating RICO and conspiracy to violate RICO, we must reverse these convictions and remand for a new trial on those charges. In all other respects, we affirm.
In July 2005, the City of Tampa Police Department initiated an investigation into an alleged narcotics ring that was operating in East Tampa. Through confidential informants, the police identified Maurice Walton as a member of the alleged ring, and they obtained permission to intercept his telephone calls. Between July 2005 and October 2005, Walton made and received numerous calls from a telephone number beginning with area code 321, and the State ultimately connected the 321 telephone number to Morgan.
On October 24, 2005, Walton called the 321 telephone number and arranged a *81 meeting for the next day with the person who received the call. On the day of the meeting, Walton became aware of a significant police presence surrounding the house where he was processing a large amount of powder cocaine into crack cocaine, and he called the 321 telephone number and warned the person who answered of this police presence. Walton was arrested later that day, and he identified Morgan as his cocaine supplier. With police assistance, Walton then made a controlled call to the 321 telephone number to arrange to purchase additional cocaine. The person who received the controlled call selected the place and time for this additional purchase, and Morgan subsequently arrived at the scheduled place and time. Although the alleged purpose of this meeting was for Walton to purchase additional cocaine, no cocaine was found in Morgan’s car or on his person. Nevertheless, Morgan was arrested when he arrived at the scheduled meeting place at the scheduled time.[2]
As to the other members of the alleged narcotics ring, the State linked Jesse Viverette to the house where Walton was producing the crack cocaine. Further, the State discovered that both Demarte Epps and Eric Blue regularly purchased both powder and crack cocaine from Walton during 2004 and 2005. Epps took orders from people on the street and filled those orders by purchasing cocaine from Walton. Blue bought kilogram quantities of cocaine from Walton and then distributed it to his buyers. However, the police never connected Morgan with these other members of the alleged narcotics ring nor found any evidence that he knew of their activities.
Based on the information gathered by the Tampa police, the State charged Morgan, Walton, Viverette, Epps, Blue, and several other individuals with violating RICO, conspiracy to violate RICO, trafficking in cocaine, and conspiracy to traffic in cocaine. To link Morgan to the racketeering activity and the conspiracy, the State presented testimony from some of the investigating police officers, and it played audio recordings of some of the telephone calls from Walton to the 321 telephone number. The substance of these telephone calls allegedly showed that Morgan was an active participant in both the racketeering activity and the conspiracy.
At the conclusion of the State’s case, Morgan moved for a judgment of acquittal on both the RICO and conspiracy to violate RICO charges, arguing that the State had not presented sufficient evidence to establish that he was involved in a pattern of racketeering activity or to link him to the conspiracy. The trial court denied this motion, and Morgan was subsequently convicted of these offenses. In this appeal, Morgan argues that the trial court erred by denying his motion for judgment of acquittal on these two charges because the State’s evidence was legally insufficient.
To prove a violation of the Florida RICO Act, the State must establish the defendant’s “(1) conduct or participation in an enterprise through (2) a pattern of racketeering activity.” Lugo v. State, 845 So.2d 74, 97 (Fla.2003) (citing Gross v. State, 765 So.2d 39, 42 (Fla.2000)). To prove the “pattern of racketeering activity” element, the State must present evidence that the defendant engaged in at least two predicate acts that have the same or similar intents, results, accomplices, victims, or methods of commission. Gross, *82 765 So.2d at 42 n. 1; Sanchez v. State, 89 So.3d 912, 914 (Fla. 2d DCA 2012). Similarly, to prove that a defendant is guilty of participating in a conspiracy to violate RICO, the State must prove that either (1) the defendant knew of the overall objectives of the criminal enterprise and agreed to further its purpose or (2) the defendant personally committed at least two predicate acts. See Sanchez, 89 So.3d at 916; Mese v. State, 824 So.2d 908, 912 (Fla. 3d DCA 2002).
In this case, however, the record on appeal does not establish that Morgan engaged in the requisite predicate acts of racketeering, that he knew of the objectives of the alleged conspiracy and agreed to further its purpose, or that he personally committed two predicate acts in furtherance of the alleged conspiracy. While the record contains some evidence to establish that Morgan arranged for a delivery of cocaine to Walton on October 25, this constitutes evidence of only one predicate act. There is no evidence in the record to support a finding of any other predicate act or any other act in furtherance of the alleged conspiracy. Further, there is no evidence in the record that Morgan knew of the conspiracy and agreed to act in furtherance of its purposes. Hence, if the record accurately reflects all of the evidence presented at trial, the lack of evidence of Morgan’s knowledge of the conspiracy and/or his participation in a second predicate act would have required the trial court to grant his motion for judgment of acquittal.
In this appeal, however, the State contends that it did present evidence to prove these elements in the form of the audio recordings of the calls from Walton to the 321 telephone number that it connected to Morgan. The State asserts that these recordings, which were properly before the jury, established that Morgan was fully aware of the conspiracy and its objectives and that he was involved in other sale or delivery transactions that constituted other predicate acts. The State asserts that Morgan’s motion for judgment of acquittal was properly denied based on this evidence. However, the record on appeal does not contain a transcript of these recordings.
At trial, the State played the recordings for the jury. The jury was not given a transcript of the recordings, and the recordings themselves were not introduced into evidence. Instead, the parties relied on the court reporter to later transcribe these recordings for appellate purposes. However, the court reporter has reported that the recordings were “unintelligible” except for a few isolated words. Thus, the record on appeal does not contain the substance of the disputed recordings, which would prove or disprove the State’s contention. In an effort to facilitate review of the issue raised in this appeal, this court relinquished jurisdiction to the trial court so that the parties could attempt to reconstruct the record with the content of these recordings, but the parties were unable to do so. In the absence of any transcript of these recordings, the record on appeal is simply inadequate to permit us to determine whether in fact those recordings provided evidence of Morgan’s knowledge of the conspiracy and/or his commission of a second predicate act.[3] And because we have no way to determine whether the *83 State’s evidence was legally sufficient to prove all of the elements of the disputed charges, we have no way to determine whether the trial court properly denied Morgan’s motion for judgment of acquittal.
 Given this deficiency in the record on appeal, the final question is what, if any, remedy is proper. We recognize that not all omissions from a trial transcript require a new trial. See Velez v. State, 645 So.2d 42, 44 (Fla. 4th DCA 1994). However, when a portion of the trial transcript is missing through no fault of the defendant and when that missing portion is necessary for a complete review of the issues raised by the defendant, a new trial is required. See McKenzie v. State, 754 So.2d 851, 852 (Fla. 2d DCA 2000); Thomas v. State, 828 So.2d 456, 457 (Fla. 4th DCA 2002). Here, through no fault of Morgan, the deficiencies in the record on appeal prevent this court from determining whether the State’s evidence was legally sufficient to prove that Morgan violated RICO and conspired to violate RICO. Under these circumstances, we must reverse Morgan’s convictions for these offenses and remand for a new trial on those two charges. Morgan’s remaining conviction for felon in possession of a firearm is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
DAVIS, C.J., and MORRIS, J., Concur.

. Morgan also entered a plea to a separate count of conspiracy to traffic in cocaine in circuit court case number 09-CF-6904. Because the notice of appeal in this case refer-enees only circuit court case number 05-CF-21005, neither Morgan’s conviction nor his sentence in case number 09-CF-6904 are before this court in this appeal.

. While not entirely clear from the record, it appears that Morgan was initially arrested on a charge of felon in possession of a firearm based on a handgun found in the car he drove to the meeting.

. While we appreciate the parties’ invitation to have the record supplemented with the recordings so that this court could listen to them and determine whether the evidence on the recordings was sufficient to support Morgan’s convictions, we decline to do so. Such an action would place this court in the position of being the finder of fact-a role not permitted to be performed by this court.